ALBERT HAMMER v. BINGER HERMANN, *Commissioner et. al.*

(Filed July 6, 1901.)

1. **RESULTING TRUST WILL NOT BE DECREED, WHEN.** It is a universal rule that courts will not interfere with the actions of the department of the interior in its disposition of the public lands, or decree to whom patent or deed shall issue. Townsite trustees appointed under act of May 14, 1890, were officers or agents of the government, and the issuance of patent to them for a townsite and the recording of the same did not operate to divest the department of the interior of all control over the land embraced therein. The conveyance of a townsite to such trustees was for a particular use named by congress, and the courts had not, during their existence, the right to intercept the legal title in the hands of the government's agents; and such trustees could not be adjudged by a court of equity to be trustees for the use and benefit of one claiming adversely to the trust created by the act of congress, under which patent was issued to them; and a petition which discloses on its face that the trustees had not at the commencement of the action, conveyed the title by deed, but still retained the same, fails to state a cause of action for a resulting trust.

2. **COMMISSIONER OF LAND OFFICE—Relation of.** The act of congress, approved July 7, 1898, abolishing townsite trustees and conferring upon the commissioner of the general land office the execution of so much of the trust vested in said boards as was on January 1, 1899, unexecuted, simply charged the commissioners of the general land office with the execution and completion of the trust formerly conferred upon the townsite boards; and, under the law, the commissioner cannot be sued as a trustee of such lands, for the benefit of another, in any case where formerly the townsite trustees could not be sued. Under this act the commissioner occupies the same relation to the general government and to others as the board of townsite trustees occupies before their retirement under the act.

(Syllabus by the Court.)

*Appeal from the District Court of Kingfisher County; before*

*Clinton F. Irwin, Trial Judge.*

*James W. Steen* and *George P. Rush,* for appellant, Albert Hammer.

W. S. *Whittingill* and *John F. Curran,* for appellant, Walter M. Cook.

W. S. *Denton,* for townsite claimants.

*Hon. Horace Speed, U. S. Attorney,* and *John W. Scothorn* and *B. S. McGuire, Assistant U. S. Attorneys,* for Binger Hermann, Commissioner.

Opinion of the court by

BURWELL, J.: This is an action commenced in the district court of Garfield county by Albert Hammer against townsite board of trustees No. 6, and against William Coyle and a large number of other settlers on the townsite of Jonesville, but which in reality forms a part of the city of Enid, to declare the townsite trustees trustees for the use and benefit of the plaintiff. One of the defendants, Walter M. Cook, filed an answer and cross petition, in which he prays that a resulting trust be declared in his favor. The tract of land involved is the northeast quarter of section seven, township twenty-three north, range six west, in Garfield county. After the bringing of this action, by the act of congress approved on July 7, 1898, all of the townsite boards in Oklahoma were, on the first day of January, 1899, abolished, and it was made the duty of the commisioner of the general land office to close up all of the unfinished business of each townsite board. That part of the act abolishing townsite boards is as follows:

"That on January 1, 1899, the boards of trustees for townsites, and each of them in said territory, (Oklahoma), shall cease and be abolished, and no compensation shall be allowed or paid to any one member, or trustee, or disbursing agent, on or after January 1, 1899, And so much of

the trust vested in said board and heretofore initiated as shall remain unexecuted on said date, shall be vested in the commissioner of the general land office, who is hereby authorized and empowered to complete the same."

By the express terms of this act the townsite trustees were discontinued, and the commissioner of the general land office was vested with the execution of the trust formerly imposed upon them. The commissioner simply took their place and became the agent of the government for the execution of the trust. The petition of the plaintiff was amended so as to substitute the commissioner in lieu of the townsite board. The cross petition having been filed after the act of congress went into effect, the members of the townsite board were not referred to therein as defendants. After the filing of the cross petition, and the amendment of the original petition, substituting the commissioner in lieu of the townsite board, the commissioner filed a demurrer to each on the ground that they did not state facts sufficient to constitute a cause of action, and for other grounds. The townsite claimants, by leave of court, filed a similiar demurrer. We think these demurrers were well taken, and the trial court properly sustained them. So far as the pleadings show, the legal title had not passed from the townsite board, at the time the suit was commenced, or from the commissioner at the general land office at the time of the trial. As the legal title had not been conveyed to the townsite claimants, or to some person other than the government agent, the government did not lose control over the same, and the courts will not interfere with the officers of the general government in the conveyance of the legal title to public land. So far as this action affects the townsite board, or the commissioner of the general land

—9

office, it is exactly the same as *Bockfinger v. Foster et al.,* 62 Pac. 799, and the rule therein announced is decisive of the question involved therein.    In that case this court said:

"By this opinion, (referring to the case of *McDaid v. Oklahoma,* 150 U. S. 218, 14 Sup. Court Rep. 59), the highest court of the land has settled that these trustees are simply government agents; that they hold the legal title only for the uses and purposes named in the act of congress under which the agency was authorized, and that until conveyance is made by the trustees, the land included in the patent is subject to the supervision of the executive branch of the government.  If this is true, then, as stated in the opinion, the absolute title has not passed from the government, and one cannot maintain an action in equity to declare a resulting trust in relation to public land until the interior department has, by absolute conveyance of the legal title, lost all control over it; nor can the courts compel by mandamus the conveyance of the legal title by the government's agents, or declare the government or its agents to be trustees for another."

Under this authority the petition and cross petition each fail to state a cause of action against either the townsite board or the commissioner of the general land office, and as to them, each should be dismissed at the cost of the plaintiff and the cross petitioners; nor do either of the pleadings state a cause of action against the townsite occupants.    While they are made defendants, no facts are alleged in either pleading which show that the legal title to any of the lots has been conveyed to any of the lot claimants by the board of trustees or the commissioner, and the irresistible inference from the language of each pleading is that no part of the land has been conveyed to any of the

townsite occupants.   As the legal title is still in the agents of the government, the townsite occupants cannot be decreed to be trustees.   The plaintiff and cross petitioner must wait until the government conveys the legal title, when, if in equity either is entitled to the legal estate, a court of equity, on a proper showing, will place it where it belongs.

For the reasons herein stated the petition and cross petition are each dismissed.   All of the costs to be taxed to the plaintiff, except such costs as were made by the cross petitioner in prosecuting his action for affirmative relief, which costs shall be taxed to him.

It is so ordered.

Irwin, J., who presided at the trial below, not sitting; Burford, C. J., and McAtee, J., not sitting.   All of the other Justices concurring.