DAVID FITZGERALD *et al.* v. JOHN FOSTER *et al.*

(Filed July 16, 1902.)

1. **JURISDICTION DEFINED.** Where defendants voluntarily appear and file a general demurrer to a petition and the cause is the kind of a cause triable in the court wherein the action is pending, although no summons was issued and served, the court has jurisdiction of the persons of such defendants, and of the cause of action, and has power to render any rightful judgment therein.

2. **RESULTING TRUST—Necessary Parties.** In an action against townsite trustees appointed by the secretary of the interior under the act of congress of May 14, 1890, (26 Stat. at Large 109, Chap. 27,) and to whom patent has issued, to declare a resulting trust in favor of plaintiff who claims adversely to the townsite entry, even if such action would lie, the townsite lot claimants are necessary parties.

3. **PUBLIC LANDS—Resulting Trust.** It is a universal rule that courts will not interfere with the action of the department of the interior in its disposition of the public lands, or decree to whom patent or deed shall issue. Townsite trustees appointed under the act of May 14, 1890, were officers or agents of the government, and the issuance of patent to them for a townsite, and the recording of the same, did not operate to divest the department of the interior of all of the control of the land embraced therein. The conveyance of a townsite to such trustees was for a particular use named by congress, and the courts had not, during their existence, the right to intercept the legal title in the hands of the government's agents; and such trustees could not be adjudged by a court of equity to be trustees for the use and the benefit of one claiming adversely to the trust created by the act of congress, under which patent was issued to them; and a petition which discloses on its face that the trustees had not, at the commencement of the action, conveyed the title by deed, but still retained the same fails to state a cause of action for a resulting trust.

(Syllabus by the Court.)

*Appeal from the District Court of Logan County; before John H. Burford, Trial Judge.*

*Joseph Wisby* and *Dale & Bierer,* for appellant.

*Horace Speed,* for appellee.

Opinion of the court by

BURWELL, J.: This action involves the title to one hundred and sixty acres of land, on which is now built a portion of the city of Guthrie, and is worth several hundred thousand dollars. It was commenced by Xenophon Fitzgerald in the district court of Logan county against John Foster, William S. Robertson and Andrew C. Schnell, the duly appointed, qualified and acting board of townsite trustees for the city of Guthrie, to declare a resulting trust; the plaintiff claiming that he took the land as a homestead, and made settlement and improvements thereon before it was settled upon or taken by the townsite settlers for townsite purposes. The plaintiff also joined as defendants in the action Ransom Payne and James H. Huckleberry, two other claimants for the land, but it will not be necessary to discuss the respective rights, if any, they or either of them may have to the property, as the case in our opinion must be determined upon the right and power of a court of equity to intrefere with the townsite trustees in the disposition of the legal title to the land, which question was raised by a demurrer to the petition. After the commencement of the action of the plaintiff died, and it was then revived in the name of David Fitzgerald, Edward W. Fitzgerald, Annie Wilson, Martha Lipp and Addie Thompson, the heirs at the law of the original plaintiff.

The grounds of the demurrer were: (1,) The court had no jurisdiction over the persons of the defendants. (2,) The court has no jurisdiction over the subject of the action. (3,) There is a defect of parties defendant. (4,) The complaint fails to state a cause of action; and (5,) There are several causes of action improperly joined.

The trial court sustained the demurrer, and the plaintiff thereupon elected to stand upon his petition, and judgment

was rendered in favor of defendants and for costs, from which judgment the plaintiff appealed to this court. There is nothing in the journal entry which shows whether the court intended to sustain the demurrer upon all of the grounds or only a portion of them. We will therefore, take up the different grounds of the demurrer and see if any error was committed by the trial court.

The contention that the court has no jurisdiction of the persons of the defendants or of the cause of action is without merit. The record, it is true, fails to show service of summons upon the defendants, but by filing a demurrer they voluntarily appeared generally, which gave the court. jurisdiction over the persons of the defendants, and the cause of action was one which is triable only in the district court: Therefore, the court had jurisdiction of the persons of the defendants and of the cause of action, and had power to render any rightful judgment therein.

The third ground of demurrer was settled in the case of *Bockfinger v. Foster, et al.* 10 Okla. 488, wherein the court said:

"In an action against townsite trustees appointed by the secretary of the interior under the act of congress of May 14, 1890, (26 Statutes at Large, 109, chap. 207,) and to whom patent has issued, to declare a resulting trust in favor of a plaintiff who. claims adversely to the townsite entry, even if such action would lie, the townsite lot claimants are necessary parties to the action."

This brings us to a consideration of the question as to whether the petition states a cause of action. The petition is framed upon the theory that the government has issued its patent for this land to the townsite trustees, and that they

held the legal title at the time of the commencement of the action; and if the allegations of the petition are true, then it fails to state a cause of action, for it is a universal rule that courts of equity will not interfere with the officers of the interior department in the disposition of the public lands, and this court has held in two cases, (*Bockfinger v. Foster, et. al.,* 10 Okla. 448, and *Hammer v. Hermann, Com. Gen. Land Office, et. al.,* 65 Pac. 943,) that these townsite trustees are simply government agents, created for the conveyance of the legal title from the government to the lot claimants entitled thereto.   Until the trustees convey the legal title by deed it is under the control and supervision of the interior department, and the interference of the courts to compel such trustees to convey to one who claims to be the equitable owner of the land held in trust by them would be an interference with the primary disposal of the soil, which will not be done.

There is not a single point raised in this case which was not fully considered in the cases above cited, and those decisions were handed down after diligent investigation of all of the authorities at our command.   We are satisfied with the rules therein stated.   The petition did not state a cause of action and the demurrer on that ground was properly sustained.   It is unnecessary to determine the other point that there is a misjoinder of several different causes of action.

Th judgment of the trial court is affirmed.

Burford, C. J., who presided at the trial below, and Hainer, J., having been of counsel, not sitting; Irwin, J., absent; all the other Justices concurring.