## JOHN P. WHITAKER v. JOHN A. HUGHES.

(Filed September 3, 1904.)

1. JURISDICTION—Appearance, Effect of. Where a defendant voluntarily appears, files a demurrer to the petition, participates in all of the proceedings, and the cause is the kind of a cause triable in the court wherein the action is pending, although no summons was issued and served, the court has jurisdiction of such person, and of the cause of action, and has power to render any rightful judgment therein.

2. LEASE OF SCHOOL LAND—Assignment—Right to Re-lease Relinquished by, When. Where a lessee of school lands under the laws of this Territory, enters into a contract with A, by the terms of which contract it is stipulated that such lessee fully releases said lands to A, provided that A fully complies with the terms of the contract, then said lessee to have no claims or privileges on said land, his prior right to said land being forever released to

A, "to have and to hold the same for a term of four years," that being the unexpired term of the original lease of such lessee, **Held,** That by the terms of the contract, the prior right to release said land at the expiration of the original lease, was by such lessee relinquished to A.

(Syllabus by the Court.)

*Error from the District Court of Washita County; before Clinton F. Irwin, Trial Judge.*

*A. B. Hammer,* for plaintiff in error.

*A. Hutchin,* for defendant in error.

### STATEMENT OF FACTS.

An action by defendant in error, John A. Hughes, as plaintiff in the district court of Washita county, against the plaintiff in error, John P. Whitaker, and C. M. Barnes, Wm. M. Jenkins, and S. N. Hopkins, (school land board, Territory of Oklahoma) defendants, for an injunction; on application and hearing temporary injunction was granted by the judge at chambers against plaintiff in error, Whitaker, and on the final hearing in the district court, at the October, 1902, term, the demurrer to the petition was heard and overruled, and the plaintiff in error elected to stand upon his demurrer, and declined to answer further; the court found in favor of the plaintiff Hughes against the defendant Whitaker, and the temporary injunction before granted against John P. Whitaker, was made perpetual, and he was adjudged to pay the costs of the suit, to which judgment of the court the defendants excepted, and the defendant, John P. Whitaker, plaintiff in error herein, brings the case here by petition in error and case made for review.

Opinion of the court by

BEAUCHAMP, J.: The facts in this case so far as necessary for determination of the questions raised are: On the 21st day of March, 1901, the defendant in error John A. Hughes, filed his petition in the district court of Washita county, praying for an order of perpetual injunction against the plaintiff in error, John P. Whitaker, restraining him in person, his agent or employes from in any manner interfering, hindering or disturbing the defendant in error in the peaceful and quiet possession of the west half of section 16, township 8 north, range 20 west I. M., in Washita county, alleging that on the 14th day of December, 1897, the school land board leased to the plaintiff in error, John P. Whitaker, all of section 16, township 8, range 20 west, Washita county, for a term of five years from the 1st day of January, 1898, said lease providing, "And it is further covenanted and agreed that the said second party may sub-let any portion of the premises so leased."

That on the 25th day of November, 1899, the plaintiff in error and B. F. Cooper and Albert Cooper entered into an agreement in writing as follows:

"This indenture made by and between John P. Whitaker, party of the first part, and B. F. and Albert Cooper, of the second part, witnesseth, the said party of the first part in consideration of the covenants of the parties of the second part, hereafter set forth, have this day leased to the said parties of the second part the following described land to wit: The west half of sec. 16-8-20 W., said land having been leased by the party of the first part of the government and other authorized officers of Oklahoma, Washita county, and it is hereby agreed to by parties of the first part, that he fully releases said lands to parties of second part,

provided, however, that parties of second part fully comply with terms of this lease, and said first party then to have no claims or privileges on said land, his prior right to said land being forever released to said second parties of the second part, to have and to hold the same for a term of four years, beginning on the first day of January, 1899, parties of the second part agree to pay to party of the first part as follows, to wit: For the year 1899, said party agrees to break forty acres of said land on east half of sec. 16 for first party, and to be pointed out by said first party and to be broken in good order, and to be broken between 1st day of March and 20th day of May, 1899. For the year 1900, second party agrees to pay $50 on or before January 1, 1900, to party of first part, his heirs or assigns. For the year 1901, second party agrees to pay first party, his heirs or assigns (on or before January 1, 1901) $50. For the year 1902, second party agrees to pay party of the first part (on or before January 1, 1902) $50. Should parties of the second part fail or refuse to comply with any of the foregoing requirements, this contract becomes void and said land immediately reverts to the party of the first part. Party of the second part is not to remove any timber, rock or mineral or cause same to be done from said land.

"Witness our hands at Wood, O. T., this 25th day of November, 1898.

"Signed by           "JOHN P. WHITAKER,

"B. F. COOPER AND ALBERT COOPER."

"On this day personally appeared John P. Whitaker, B. F. Cooper and Albert Cooper, before me in my office at Wood, O. T., and each acknowledged to me that they signed the foregoing instrument for all the purposes and conditions therein expressed.

"Given under my hand and official seal this 27th day of November, 1898.

"[SEAL]           "J. H. D. TERRAL,

"Notary Public."

Upon which instrument is endorsed the following: "Territory of Oklahoma, county of Washita, ss. Before me, a notary public in and for Washita county, personally appeared Albert Cooper and B. F. Cooper, and acknowledged that they thereby transfer, release and deliver the above lease with all the rights and privileges therein expressed to John A. Hughes, his heirs and assigns.

"B. F. COOPER,<br>"ALBERT COOPER,

"Given under my hand and official seal this 27th day of November, 1899.

"W. H. SITTON,<br>"Notary Public."

On January 17, 1802, a second lease was made and executed by the school land board for the same tract of land, for three years from the first day of January, 1900, which is claimed to have been made necessary by decision of this court, that leases for a longer period than three years could not be made by the board. On the 7th day of December, 1900, the defendant in error, John A. Hughes, made application to lease the west half of said land, but plaintiff in error, John P. Whitaker, was given the preference right to renew his lease, and the application of defendant in error was rejected.

Defendant in error by his petition claimed that by the terms and conditions of the instrument hereinbefore set out that the plaintiff in error had sold, transferred and released to the said B. F. Cooper and Albert Cooper all his right, title and interest in the said west half of said land, and alleging that he and the said Coopers and each of them had in every respect fully complied with the terms of said contract. On application to the judge at chambers, and upon

hearing thereof, a temporary injunction was granted as prayed in the petition, and afterwards on May 7, 1901, plaintiff in error filed a demurrer to the petition, and upon hearing in the district court the court overruled the demurrer to the petition; and the plaintiff in error electing to stand upon his demurrer, and refusing to plead further, upon consideration judgment was by the court rendered, making the temporary injunction perpetual, and adjudging the costs to the plaintiff in error, to which plaintiff in error excepted.

It is alleged in the specifications of error one and two of plaintiff's petition in error, that the court erred in granting and issuing the original restraining order, and in assuming jurisdiction of said cause without there having been a summons issued; and plaintiff in error in his brief argues that no summons having been issued in the cause at any time, the district court never acquired jurisdiction. This position is untenable, and does not require citation of authorities. It is true that the record does not disclose that a summons was ever issued in the case, neither is it shown that the jurisdiction was ever attacked by the plaintiff in error, but on the contrary plaintiff in error appeared before the judge at chambers and resisted the application for a temporary injunction, and afterwards filed a demurrer in the cause, appeared and argued the same before the court, and participated in all the proceedings had.

"Where a defendant voluntarily appears and files a general demurrer to the petition and the cause is the kind of a cause triable in the court wherein the action is pending, although no summons was issued and served, the court has jurisdiction of such person and of the cause of action, and has power to render any rightful judgment therein." (*Fitzgerald v. Foster*, 11 Okla. 558.)

The remaining assignments of error may be grouped in the question which is considered by counsel for plaintiff in error to be the real issue involved, as to the construction to be placed upon the contract of the plaintiff in error and the Coopers, heretofore set out. The plaintiff in error contends that the instrument is a mere contract of lease for a term of four years, and that it was the intention of the parties that the plaintiff in error should in no way waive or relinquish his right to re-lease from the school land board the land covered by his original lease. Where a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible, and there seems to us to be no ambiguity or uncertainty in this contract with reference to the intention of the parties in regard to the matter in controversy, for the contract provides in plain terms: "And said first party then to have no claims or privileges on said land, his prior right to said land being forever released to said parties of the second part."

This seems to us to be plain, and susceptible of but one construction. It clearly indicates the intention of the parties, and that is, that upon the compliance by the Coopers with their stipulations in reference to the payments, that then plaintiff in error relinquished all of his right to the said land, and in plain terms recites that he releases his prior right. But counsel for plaintiff in error argues that the instrument is called a lease; that the time is fixed for which the same was to run, the same being to have and to hold the same for a term of four years. The time for the commencement is fixed to begin January 1st, 1899, and it stipulates for an annual payment for each of the years for

which the lease was made, to break forty acres for the first year, and to pay $50 for each of the succeeding three years; a right of re-entry in the event the lessee failed or refused to comply with any of the requirements of the contract; that upon a failure to comply with any of the requirements of the contract that the same becomes void, and the land immediately reverts to the party of the first part.

The limitation of four years, as will be observed from the record, is the time covered by the lease of the board to the plaintiff in error, and it seems to us clear that the stipulation with reference to the re-entry is simply a security for the payment of the amounts stipulated to be paid by the Coopers; in the event of failure upon their part that then the contract which had been entered into between them and the plaintiff in error should become void and of no effect, and that plaintiff in error would have the right of re-entry. It is ingeniously argued by counsel for plaintiff in error that in the language of the contract, "his prior right to said land being forever released to said second parties" it was the intention by the use of the term released to mean that the plaintiff in error had leased or sublet to the Coopers and not that he had relinquished. Conceding the contention of plaintiff in error, then under the plain stipulations of the contract his prior right to the said land was forever leased or sublet to the Coopers. This would be the construction which we would be forced to give, for the language is plain. It says, "Forever leased." But counsel says that that term is limited by the following stipulation, "to have and to hold the same for the term of four years." Thus we would have the parties stipulating that the prior right

was forever sublet or re-leased and in the next breath stipulating that it was only for the term of four years.

It seems to us there is no necessity for further discussion of the construction to be given this contract. It is plain, and to give it the construction desired by the plaintiff in error would be to do violence to the common understanding of the English language. The contract provides that for a valuable consideration the prior right of the plaintiff in error to the said land and all claims and privileges of the plaintiff in error were forever released. The contract is clearly a contract of sale, a relinquishment of all rights and claims of plaintiff in error.

The judgment of the district court is affirmed, with costs to the plaintiff in error.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.