## LIPSCOMB v. ALLEN *et al.*

### No. 874, Ind. T.    Opinion Filed May 12, 1909.

### (102 Pac. 86.)

1. **FORCIBLE ENTRY AND DETAINER—Verdict for Defendant—Assessment of Damages.** Under section 2297, Ind. T. Ann. St. 1899, in force in the Indian Territory prior to statehood, the defendant in an action of forcible entry and detainer, where he disputed the plaintiff's right of possession, could introduce before the court or jury trying the main issue evidence showing the damage he may have sustained, and, if the verdict or findings of the court were in his favor, it was the duty of the court to enter judgment for the damages assessed against the plaintiff and his sureties.

2. **APPEAL AND ERROR—Review—Findings of Fact.** Where there is any evidence reasonably tending to sustain the findings of the

court below on a question of fact, this court will not disturb such findings.

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory; William R. Lawrence, Judge.*

Action by J. T. Lipscomb against D. R. Allen and others. Judgment for defendants, and plaintiff appeals. Affirmed.

*West, Mellette & Jones,* for appellant.
*Thomas H. Owen* and *De Roos Bailey,* for appellees.

KANE, C. J. This case, in so far as the validity of the contract involved is concerned, is in many respects the same as case No. 890, *Leonard G. Beck et al. v. Lizzie Jackson et al.* (decided at this term of court), *ante,* p. 812, 101 Pac. 1109.

It seems that the plaintiff in error, J. T. Lipscomb, is an intermarried citizen of the Creek, Nation; that prior to the passage of the Curtis bill (Act June 28, 1898, c. 517, 30 Stat. 495) he cultivated and improved a large farm therein, a part of which is the land in controversy; that after the passage of the Curtis bill he was advised by counsel he would have to dispose of all his holdings, except a sufficient amount to supply allotments for the members of his family who are entitled thereto, within nine months after the date of the passage of that act. That, in pursuance of this advice, on the 21st day of March, 1899, he disposed of the improvements on the tract of land involved in this suit to Susan Morris, one of the defendants herein, who is a citizen of the Creek Nation, and she took the land on which the improvements are situated as her allotment. The contract of purchase and sale between Lipscomb and Susan Morris is in words and figures as follows:

"Memorandum of agreement made and entered into this 21st day of March, 1899, by and between J. T. Lipscomb of the first part and Susan Morris and Rims Vann of the second witnesseth:

"That in consideration of the sum of $1,280.00 evidenced by a negotiable note of even date herewith hereby agrees to sell and deliver and does hereby sell and deliver to the party of the second

part the following described improvements, together with all the houses and buildings of every description, fences and all other improvements said party of the second part being a citizen of the Creek Nation and entitled to hold said property as a part of the allotment of himself and family. All improvements on the northeast quarter of section 24, township 16, range 16.

"It is further covenanted and agreed that the said J. T. Lipscomb is to retain possession of said improvements until he shall have been fully paid the amount of sale thereof, and is to pay an annual rental of the sum of $320.00, the same to be credited each year on the note given for the purchase price, and said Lipscomb is to continue to have the possession, control, and renting of said improvements until the annual rental herein agreed upon fully discharges the aforesaid note given for the purchase price of said improvements.

"And it is further agreed that the said party of the second part shall have the privilege at the end of any year of paying in full the balance due on said note and of taking possession of the improvements herein conveyed.

"Witness our hands the day and year above written.

"J. T. LIPSCOMB,
"SUSAN MORRIS.
her
"RIMS X VANN."
mark

The evidence shows that at the time she signed this contract Susan Morris was an infant, and that Rims Vann, who signed the contract by a mark, was her mother and natural guardian. It further shows that Lipscomb retained possession of the allotment of Susan Morris for the years 1899 and 1900, and received the rents and profits therefrom. Lipscomb testified that:

"I rented the place for the year 1901 to a man named James Johnson. Some time in the fall of 1901, and before Johnson moved off, the defendants moved onto the place; but I am unable to state exactly what their agreement with Johnson was."

Allen, one of the defendants in error, the husband of Susan Morris, testified on that point:

"Lipscomb had rented the land to a tenant by the name of James Johnson, and he had sublet it to his uncle, B. Johnson. In October, 1901, he bought a portion of the crop raised by B. John-

son, and when B. Johnson moved off the premises, he and his wife moved on the land; James Johnson, did not live on the premises; in his contract with B. Johnson he only paid for the portion of the crop received, and it was not a part of the consideration that Johnson give him possession, but after Johnson had moved away he and his wife moved in."

To regain possession of the land Lipscomb instituted this suit for unlawful detainer, and, the defendants being unable to make a retaining bond, possession was delivered to the plaintiff and retained by him during the years 1901 and 1902. The defendants by way of answer denied that the plaintiff was in peaceable possession in 1901; denied that he was entitled to possession at the commencement of the suit; admitted that they entered into possession in 1901 without plaintiff's consent, but denied that they took possession unlawfully or unlawfully detained same, or that they were holding same unlawfully and by force against the rights of plaintiff; denied that they had damaged plaintiff in any sum. They further alleged that in 1901 plaintiff was a citizen of the Creek Nation, and defendant Susan Morris Allen also a citizen of said nation; that during the year plaintiff laid some kind of claim to the premises, although at that time he had in his possession and under his control as much land in the Creek Nation as he was entitled to hold as his approximate share of the lands belonging to said nation, and that of his family; that during said year Susan Morris Allen had appeared before the Dawes Commission and selected the land in dispute as her allotment, received her certificate for same, and immediately went into possession by virtue of said certificate, and remained in possession until taken from her by the officers, and that she had been damaged by being kept out of possession during said time in the sum of $400. The case was tried by the court without the intervention of a jury, and resulted in a finding for the defendants and judgment in their favor in the sum of $501 and costs. Motion for new trial was made and overruled, and writ of error sued out, and the cause was pending in the Indian Territory Court of Appeals at the time of Oklahoma's admission into the Union, and came to

this court under the terms of the Enabling Act and the Schedule to the Constitution.

It was decided in *Beck et al v. Jackson et al., supra,* that contracts such as the one entered into by the parties to this case are void when executed by an infant or by his natural guardian, who did not submit himself or his actions to a court having jurisdiction. Under this view of the law the plaintiff in error would not be entitled to the possession of the land under the contract for the purchase and sale of the improvements, and that part of the judgment awarded possession thereof to the defendants in error was correct. Indeed, there is no serious contention between counsel on this point. Counsel for plaintiff in error, however, insists that:

"If this action is without sufficient legal warrant, the plaintiff's dispossession of the defendants by the writ in this case amounts to no more than a forcible dispossession of something the plaintiff had a legal right to enjoy, and both reason and authority are to the effect that under such circumstances a judgment for costs and nominal damages was the very utmost that the trial court had any right to assess against him."

On this proposition we are unable to agree with counsel. Section 2297, Ind. T. Ann. St. 1899, provides that:

"In all cases of forcible entry and detainer, and forcible and unlawful detainers, where the defendant disputes the plaintiff's right of possession, it shall be lawful for such defendant to introduce before the jury trying the main issue in such action evidence showing the damage he may have sustained in being dispossessed of the lands and premises mentioned in the writ and declaration in the cause, and the jury, if they find the issue for the defendant, shall at the same time find what damage the defendant has sustained by being dispossessed under the provisions of this act, and the court shall render judgment restoring the property to the defendant, as now prescribed by law, and shall also render judgment against the plaintiff and his security in the bond for damages as found by the jury, as well as the cost of suit."

Construing this section, Mr. Justice Eakin in *Collins v. Karatopsky,* 36 Ark. 316, says:

"If, however, the verdict in such case should be for defendant, it is made the duty of the jury, at the same time, to assess the damages sustained by him in having been dispossessed, and judgment therefor is to be given against the plaintiff and his sureties."

It is further contended that the court below erred in not holding that there was an agreement between plaintiff and Allen that, in consideration of such voluntary return of possession by plaintiff to the defendants, no claim of any kind would be made against plaintiff in this action for the rents and profits of the form in controversy. This was a question of fact the burden of establishing which was upon the plaintiff in error, plaintiff below. He testified that this was the agreement, and the defendant positively denied it. The court below held, presumably, that plaintiff had not established this proposition by a preponderance of the evidence. We see no reason for disturbing his finding or in making an exception in this case to the well-established rule that, where there is any evidence reasonably tending to sustain the findings of the court below on a question of fact, this court will not disturb such findings.

The judgment of the court below is affirmed.

All the Justices concur..