## DEMING INV. CO. v. LOVE.

No. 815.    Opinion Filed January 9, 1912.

(120 Pac. 635.)

1.  **APPEARANCE—Entry of Appearance—Waiver of Irregularities.**
    A defendant appeared specially in a cause in one of the territorial
    probate courts, and moved to quash the summons and service
    thereof.   After trial and judgment against it, it appealed under
    section 1881 of Wilson's Rev. & Ann. St. 1903 to the district
    court, invoking a trial de novo in that court.   Held, by taking
    such appeal, it entered a general appearance, and waived all
    irregularities in the summons issued in the probate court and
    the service thereof.

2.  **APPEAL AND ERROR—Review—Finding by Court.**   Where a
    cause is tried to the court without a jury, a general finding by
    the court in favor of one of the parties will be given upon appeal
    the same weight and effect as the verdict of a jury.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County;*
*A. H. Huston, Judge.*

Action by Charles A. Love against the Deming Investment Company.   Judgment for plaintiff, and defendant brings error. Affirmed.

*Warren K. Snyder,* for plaintiff in error.

*John T. Bradley, Jr.,* and *Bradley & Bradley,* for defendant in error.

HAYES, J.   Defendant in error, Chas. A. Love, commenced this action against Geo. W. Baer and the Deming Investment Company in the probate court of Kingfisher county on the 14th day of December, 1903, by filing therein his petition, wherein he alleges that on the 15th day of December, 1900, he executed to the Deming Investment Company notes for a loan of money in the sum of $850, secured by a mortgage on real estate; that said notes were delivered to Baer to be delivered to the Deming Investment Company, and were so delivered; that defendants agreed to pay and distribute among certain creditors of plaintiff the proceeds of the loan as directed by the plaintiff.   He alleges that they did pay a part of said money out on debts as directed, but that they failed and refused to pay and disburse $139.50 thereof as requested by him, and he prays judgment for that amount, with interest thereon.

There was a motion by the investment company in the probate court to quash the summons and the service thereof as to it, which was overruled.   On appeal to the district court, this motion was renewed and sustained, whereupon a summons to the Deming Investment Company was issued out of the district court and served upon it, and there was a motion to quash that summons and service thereof, which was overruled by the district court, and complaint is now made of that action of the court. The ruling of the court thereon, however, is unimportant.   The judgment in the probate court was in favor of Love, against both Baer and the investment company, from which judgment both those defendants filed their notice and bond for appeal to the district court for a trial *de novo* upon both the law and facts. The statute then authorized appeals from the probate court to be taken in the same manner as appeals are taken from the district court to the Supreme Court, and with a like effect, when only questions of law were involved in the appeal.   If, however, questions of fact were to be tried in the appellate court, appeals were taken to the district court in the same manner and form as appeals were taken from judgments of justices of the peace. Section 1881, Wilson's Rev. & Ann. St. 1903.   By pursuing the latter procedure and invoking a trial *de novo* in the district

court, the investment company thereby waived all irregularities in the summons issued in the probate court and service thereof and entered its general appearance, and no summons from the district court and service thereof upon it was necessary to confer upon the court jurisdiction of its person. *Gulf Pipe Line Co. v. Vanderberg,* 28 Okla. 637, 115 Pac. 782, 34 L. R. A. (N. S.) 661; *Haas v. Lee,* 18 Kan. 449.

The judgment of the district court from which this appeal is prosecuted was rendered upon a finding of facts by the court without the intervention of a jury, and is in favor of plaintiff as against the investment company for the amount sued for. The assignment of error most emphasized by counsel for the investment company is that the judgment is not supported by the evidence, or, rather, that it is against the weight of the evidence. It is well settled that, where a cause is tried to the court without the intervention of a jury, a general finding of the facts by the court is upon appeal to be given the same weight and effect as the verdict of a jury. *Roberts v. Markham,* 26 Okla. 387, 109 Pac. 127; *McCann v. McCann,* 24 Okla. 264, 103 Pac. 694; *Lookabaugh v. Bowmaker,* 21 Okla. 489, 96 Pac. 651. There is evidence reasonably tending to support every issue of fact necessary to establish plaintiff's right of recovery, and the judgment should not be disturbed. *Lipscomb v. Allen* 23 Okla. 818, 102 Pac. 86.

The judgment of the trial court is affirmed.

All the Justices concur.