## *In re* BYRD.
## *Appeal of* FLOYD.

No. 3081.   Opinion Filed March 12, 1912.

(122 Pac. 516.)

1.  APPEARANCE—Effect—Waiver of Defects in Citation. A guardian cited to appear and show cause why he should not be discharged for incompetency and mismanagement of his ward's estate by entering his general appearance waived all defects and irregularities in the citation issued by the county court and the service thereof upon him and gave to the court jurisdiction of his person, and he cannot complain for the first time on appeal to the district court of irregularities in the citation.

2.  JURY—Right to Jury Trial. The right of trial by jury declared inviolate by section 19, art. 2, Const., except as modified by the Constitution itself, means the right as it existed in the territory at the time of the adoption of the Constitution.

3.  JUDGES—Appointment—Constitutional Law. Section 3 of the act of March 22, 1909 (Sess. Laws, 1909, p. 176), authorizing the Governor to appoint an additional district judge for the Seventh judicial district, is not violative of section 9, art. 7, Constitution.

4.  APPEAL AND ERROR—Review—Findings of Court. Where a cause is tried to the court without the intervention of a jury, the court's findings of fact will be given the same weight as the verdict of a jury, and will not be set aside if there is any evidence reasonably tending to support it.   ·

(Syllabus by the Court.)

*Error from District Court, Pontotoc County;*
*Robt. M. ·Rainey,. Judge.*

Citation to R. S. Floyd, guardian of Louisa Byrd, to show cause why he should not .be discharged as guardian.   From an order removing the guardian, he brings error.   Affirmed.

*J. E. Grigsby*, for plaintiff in error.

*J. F. McKeel,* for defendant in error.

HAYES, J.   This cause was begun in the county court of Pontotoc county by the issuance of the county judge upon his

own motion of a citation to plaintiff in error as guardian of Louisa Byrd, a minor, to appear and show cause why he should not be removed as guardian, upon the ground of incompetency, mismanagement of his ward's estate, and other violations of his duty as guardian. After trial to the court and judgment rendered therein removing and discharging plaintiff in error as guardian, he appealed to the district court, where upon a trial *de novo* a judgment the same as rendered in the county court was rendered, from which this appeal is prosecuted.

Counsel for plaintiff in error makes in his brief twelve assignments of error for reversal. Some of these assignments are not separately argued and supported by citation of authorities as is required by the rules of this court, and will not therefore be considered. Others are so clearly without merit that no notice of them in this opinion need be made. Of those requiring consideration the first complains of the action of the district court overruling a motion to quash the citation and service thereof issued by the county judge.

The irregularity in the citation complained of is that it was made returnable before the time authorized by statute. The record discloses, however, that plaintiff in error, in person and by counsel, entered appearance in the county court, and no objection was taken in that court to the citation or the service thereof. By entering his appearance he waived all defects and irregularities in the citation and the service thereof upon him, and gave to the court jurisdiction of his person. *Phoenix Bridge Co. v. Street,* 9 Okla. 422, 60 Pas. 221; *Raymond v. Nix, Halsell & Co.,* 5 Okla. 656, 49 Pac. 1110; *Fitzgerald et al. v. Foster et al.,* 11 Okla. 558, 69 Pac. 878; *Whitaker v. Hughes,* 14 Okla. 510, 78 Pac. 383. By appealing to the district court, invoking a trial *de novo,* plaintiff in error conferred upon that court jurisdiction of his person.

The district court overruled plaintiff in error's application for a trial by jury. Counsel for plaintiff in error rightly concedes that under the law in this jurisdiction at the time of the admission of the state trial by jury as a matter of right to a party did not exist in this character of proceeding; and whether

any such cause should be submitted to a jury rested within the discretion of the trial court. But he insists that such right is conferred by section 19, art. 2, of the Constitution, which preserves inviolate the right of trial by jury; but the right of trial by a jury preserved by the foregoing constitutional provision has reference to the right to a jury trial as it existed in the territory when our Constitution .was adopted, except as modified by the Constitution (*State ex rel. West v. Cobb*, 24 Okla. 662, 104 Pac. 361, 24 L. R. A. [N. S.] 639), and, since it is conceded that such right did not exist in cases of this character under the law at the time of the adoption of our Constitution, it follows that said provision confers no right upon plaintiff in error to a jury trial in this case.

The Hon. Robert M. Rainey, judge of the Seventh judicial district, in which this cause was tried, presided at the trial. It was objected at the trial that he was not qualified under the law and the Constitution of the state to try the cause upon the ground that section 3 of the act of March 22, 1909 (Sess. Laws 1909, p. 176), authorizing the Governor to appoint an additional district judge for the Seventh judicial district, is violative of section 9, art. 7, of the Constitution. Judge Rainey was appointed by the Governor and qualified under the foregoing statute, the constitutionality of which plaintiff in error seeks to attack; but, assuming without deciding that its constitutionality may be raised in this proceeding, this contention is plainly without merit. Section 9, art. 7, of the Constitution, provides in part as follows:

"Until otherwise provided by law, the state shall be divided into twenty-one judicial districts, and the qualified electors in each of the said districts shall elect a judge of the district court as provided therein, except in the Thirteenth judicial district two judges shall be elected."

This provision creates 21 judicial districts, and it is true authorizes but one judge to be elected in each district, except the Thirteenth judicial district; but these provisions are to exist "until otherwise provided by law," leaving it clearly within the power of the Legislature to change the number of districts and to authorize the election of more than one judge to a district, when in its judgment it became necessary.

Appeal of Floyd.

It is also complained that the trial court failed, after request, to make and file separately his findings of fact and conclusions of law. The record does disclose that such request was made before the cause was submitted, and that the court announced that it would be allowed; but the record fails to disclose any objection or exception to the finding of the court as finally made and filed, and this question is therefore not presented for review.

The assignment that the finding and judgment of the court is not supported by the evidence is without merit. The trial court found that plaintiff in error had failed to make reports as he is required by law to do; that he failed to answer the citation to show cause why he should not be removed; that he had been guilty of gross mismanagement of the estate of his ward.

There is some conflict in the evidence, but there is evidence tending reasonably to support the findings made by the court; and under the well-settled rule, that, where a cause is tried to the court without the intervention of a jury, the court's findings of fact will be given the same weight as the verdict of a jury and will not be set aside, if there is any evidence reasonably tending to support it (*McCann v. McCann,* 24 Okla. 264, 103 Pac. 694; *Seward v. Casler et al.,* 24 Okla. 275, 103 Pac. 740; *Lipscomb v. Allen,* 23 Okla. 818, 102 Pac. 86), the verdict and judgment in this cause should not be disturbed for want of evidence.

The judgment of the trial court is accordingly affirmed.

All the Justices concur.