## ANICKER v. WATKINS *et al.*

No. 4274. Opinion Filed May 4, 1915.

(148 Pac. 725.)

**APPEAL AND ERROR—General Finding—Evidence.** Where a case is tried to the court without a jury, and a finding which is in effect a general finding for plaintiff is made, with evidence to support it, such finding is conclusive in this court.

(Syllabus by Bleakmore, C.)

*Error from District Court, Muskogee County;*

*R. P. De Graffenreid, Judge.*

Action by Cornelia Watkins and another against William J. Anicker. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Roach & Bradley,* for plaintiff in error.

*Grant Foreman,* for defendants in error.

BLEAKMORE, C. This action was commenced in the district court of Muskogee county on the 17th day of February, 1911, by the defendants in error, as plaintiffs, against the plaintiff in

error, as defendant, to recover the sum of $1,040 as bonus and rental on an oil and gas lease. The case was tried to the court and resulted in judgment for plaintiff in the sum of $1,000. The facts, as disclosed by the evidence, are that on the 5th day of May, 1910, the parties entered into the following contract:

"It is agreed by and between the parties hereto, that the attached oil and gas lease, together with the attached check, which is consideration money, for the execution of said lease, shall be placed in escrow in the First National Bank of Muskogee, for the period not to exceed 90 days, in order that the lessee may have time to examine the title of said land and clear the same to his satisfaction.

"In event the title of said land shall be found satisfactiry to the said lessee, then the said lessee shall notify the said lessor, and the bank, of its acceptance of said lease, whereupon said bank shall deliver to the lessor the said check, and also deliver to the lessee, or his agent, the said oil and gas lease or leases. Thereupon the said lease shall remain in full force and effect.

"In event the title of said land shall be found not satisfactory to the said lessee, then the said lessee shall notify the said lessor and the said bank of its rejection of said lease, whereupon the said bank shall deliver to the said lessee, or his agent, the check and also deliver to the said lessor the said oil and gas lease contract. Thereupon no liability shall attach to either party under said lease.

"Acceptance or rejection of said lease by the lessees shall be indicated within the time mentioned.

"Executed this 5th day of May, A. D. 1910.

First Parties,

her
Cornelia Watkins   X   *nee* Flack.
mark

R. H. Watkins, Lessor.

William J. Anicker, Lessee.

Witnessed by J. Bagby and R. T. Thompson.
Acknowledged before Edward C. Griesel."

The lease referred to in said contract was executed in duplicate, provided for the payment of $960 as bonus and the further sum of $40 upon the failure of the defendant to drill a well on the land within a specified time. In pursuance of said contract, the parties went to the bank to leave the papers, but the defendant, instead of depositing the lease with the contract in escrow, himself delivered the same to the register of deeds and caused it to be recorded on that day.

Upon the trial defendant testified that on the 1st day of August, 1910, he notified the plaintiff by mail of his refusal to accept the lease; that he placed such notice in an envelope bearing his return card thereon, and addressed to the plaintiffs at Enterprise, Okla., their residence and post office address and a town of but a few houses, where the plaintiff was well known, and that the same was never returned to him. Plaintiffs denied receipt of such notice. No notice was given the bank within the 90 days, as stipulated in the contract. In October following, the defendant withdrew his check from the bank and directed the return of a copy of the contract to plaintiffs, which was done. Up to the time of the trial, defendant had failed to execute a release of said oil and gas lease. Evidence was introduced over the objection of the defendant, tending to show that, at the time of the execution of the lease and written contract above set forth, it was agreed between the parties that plaintiff, for his own protection, should record said lease. This was denied by defendants. The court found:

"On May 5, 1910, the plaintiff agreed to lease to the defendant, for oil and gas purposes, a tract of land described as the south half of the northwest quarter and the northeast quarter of the northwest quarter of section 32, township 13 north, range 16 east, and in consideration of the making of said lease the defendant agreed to pay to the plaintiff the sum of $960 as a bonus and in addition to the royalties secured in the lease, and the further sum of $40 on November 5, 1910, if the defendant should fail to commence a well on the land by the said date. That all the agreement, save an agreement with reference to the

bonus of $960, was reduced to a written contract called an oil and gas lease, signed by the parties and duly acknowledged. That at the same time, and as a part of the same agreement, there was executed also a written contract between the parties wherein it was agreed that defendant should attach his check given as consideration for said lease, together with the lease, and that all should be deposited in escrow in the First National Bank of Muskogee, while the defendant took time to examine the title to said land and clear the same to his satisfaction, and that, if the defendant found the title satisfactory, it was agreed that said check should be delivered to the plaintiffs and the lease to the defendant, and, if the title should be found unsatisfactory, then the check would be returned to the defendant and the lease to the plaintiffs. That pursuant to the agreement the defendant executed his check for the sum of $960, payable to the plaintiffs, and said check was attached to the contract, and thereupon the oil and gas lease, check for $960, and contract were delivered to defendant to be by him deposited in escrow. That instead of depositing the oil and gas lease and check and contract in escrow, as agreed upon, the defendant, the same day that the oil and gas lease was executed, caused the same to be recorded in the office of the register of deeds at Muskogee, and that said lease is now in full force and effect. And the court finds that the check for $960 was not delivered to the plaintiffs, nor was any part of said consideration of $960 paid the plaintiffs, and that the defendant failed to drill on said land by November 5, 1910, and that he failed to pay the sum of $40 due therefor.

Defendants assigned the following as error:

"(1) That the court erred in rendering judgment upon the theory that the recording of the lease by the defendant rendered him liable to pay the bonus, for the reason that it was agreed by the parties that the defendant might record a copy of the lease for his own protection, and that this recording did not constitute a waiver of objection to the title or an acceptance of the lease.

"(2) That the court erred in rendering judgment for the plaintiffs, for the reason that, by terms of the writ of contract of the parties dated May 5, 1910, the defendant had ninety days to examine the title, and accept or reject the lease. That within said 90 days defendant notified plaintiff that he found the title

unsatisfactory and rejected the lease. That this terminated the contract, and discharged the defendant from payment of the bonus."

The lease was fully executed, and upon delivery to the lessee, regardless of registration, would, as between the parties, have the effect of passing all the rights and interest in the property intended to be transferred, and of imposing the obligation upon the lessee of paying the bonus therein agreed to be paid. In the written contract providing for the escrow, it was stipulated that delivery of the lease should be made when defendant had investigated and become satisfied with the title to the land. He only was the moving party. He only, under the terms of the agreement, could demand and enforce the delivery of the lease to him by the bank, which was designated as the agent of both parties. And while it may be conceded to be the rule that the lease derived no force from the recordation, if not accepted by the lessee, yet the fact that the lessee himself recorded it is of itself a circumstance strongly persuasive of his then acceptance.

Another circumstance appearing from the evidence, and doubtless considered by the court in arriving at its findings, was that, at the time of the execution of the instruments referred to, oil had been discovered in the immediate vicinity of the land described in the lease, and the apparent purpose of the defendant in recording the lease was either to accept it then, and thus complete the contract on his part, or by such record to give constructive notice to third persons of title in himself, and be thus prepared, without obligation to plaintiffs or the outlay of money, to take advantage of the contingent increase in the value of the lease.

The finding of the court is in effect a general finding for plaintiffs, and, as such, is entitled to the same weight as the verdict of a jury. The evidence is sufficient to support the findings, and is conclusive here. *Roberts v. Mosier*, 35 Okla. 691, 132 Pac. 678, Ann. Cas. 1914B, 423; *Deming Inv. Co. v. Love,*

31 Okla. 146, 120 Pac. 635.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.