## LEACH *et al.* v. SARGENT *et al.*

No. 6416.    Opinion Filed February 1, 1916.

(154 Pac. 1143.)

1. JUSTICES OF THE PEACE—Appeal—Waiver of Errors. The same as the first paragraph of the syllabus in **Cohn v. Clark,** 48 Okla. 500, 150 Pac. 467.

2. ABATEMENT AND REVIVAL—Substitution of Party—Landlord and Tenant—Action for Possession. Where a lessee, after commencing an action for possession of the leased premises, surrenders

his lease to his lessor, it is proper under sec. 4695, Rev. Laws 1910, for the court upon motion to substitute the lessor as plaintiff in the action.

3.   SAME—Transfer of Interest—Grantee of Plaintiff—Continuance of Action. A cause of action for unlawful and forcible detainer by one entitled to the possession, in case of a transfer of the interest of the plaintiff, continues in his grantee.

(Syllabus by Galbraith, C.)

*Error from County Court, Tulsa County;*
*Conn Linn, Judge.*

Action by J. M. L. Sargent and another against J. W. Leach and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

*John Lydecker* and *Chas. A. Steele,* for plaintiffs in error.

*Robinson & Mieher,* for defendants in error.

Opinion by GALBRAITH, C.   J. M. L. Sargent commenced this action in forcible entry and detainer against plaintiffs in error before a justice of the peace. The trial resulted in a judgment for the plaintiff, the defendants appealed to the county court, where a trial *de novo* resulted in a like judgment, from which an appeal has been prosecuted to this court.

It appears from the record that the defendant in error J. S. Shaver was the owner of the fee in the land involved herein, and that J. M. L. Sargent was the lessee thereof; that Sargent, after making demand for the premises and serving notice to quit on the plaintiffs in error, commenced the action, and on the day set for trial surrendered his lease to Shaver and filed a motion in the case to dismiss without prejudice. On the same day, Shaver made application to be substituted as plaintiff in the cause. This application was granted over the ob-

jection of the defendants, and a trial resulted in a judgment against the defendants, who prosecuted an appeal therefrom to the county court. A further statement is taken from the brief of plaintiffs in error, as follows:

"On the 19th day of December, 1913, the cause came regularly for trial *de novo* in the county court. There the defendants, J. W. Leach and A. L. Leach, presented the dismissal of the plaintiff, J. M. L. Sargent, filed before the justice of the peace and moved the court to dismiss the action on the motion of plaintiff. This motion was overruled, and defendants excepted. The defendants then objected to the hearing of the case because the issues had not been joined pending wherein J. S. Shaver asked to be substituted as plaintiff. The court overruled this objection and substituted J. S. Shaver as plaintiff instead of J. M. L. Sargent, to all of which defendants excepted. * * * The case then went to trial without any further pleadings, and the jury, after hearing the evidence and the instructions of the court, brought in a verdict of guilty."

The errors assigned are presented under four heads as follows:

"First. J. S. Shaver was erroneously allowed to prosecute the suit below as plaintiff.

"Second. No notice to terminate the tenancy of defendants was served by any one, and no notice to quit before suit was served by J. S. Shaver.

"Third. The court erroneously permitted certain evidence to be introduced on behalf of J. S. Shaver.

"Fourth. The court erroneously instructed the jury and erroneously refused instructions demanded by J. W. Leach and A. L. Leach."

Although it may be true, as contended by plaintiffs in error, that Sargent's motion to dismiss the cause was presented in the justice court before the application of

Shaver to be substituted as plaintiff therein, the defendants by prosecuting an appeal to the county court, where a trial *de novo* was had, waived such error, if any, on the part of the justice of the peace. By perfecting the appeal the defendants (the plaintiffs in error here) invoked the jurisdiction of the county court and voluntarily appeared therein, and thereby waived any and all errors that may have been committed by the justice of the peace. It was said by this court in *Cohn v. Clark,* 48 Okla. 500, 150 Pac. 467:

"It is true in the foregoing case the service of process was termed by the court as defective, yet the same principle is involved should there be no service at all, as in the instant case; for the filing of an appeal bond, duly approved, constitutes an appearance, the prior service thereby becoming immaterial, because a party to a suit can appear voluntarily. *Fowler v. Fowler,* 15 Okla. 529; 82 Pac. 923; *McCord-Collins Merc. Co. v. Dodson,* 32 Okla. 561, 121 Pac. 1085; *Deming Inv. Co. v. Love,* 31 Okla. 146, 120 Pac. 635; *Doggett v. A., T. & S. F. Ry. Co.,* 31 Okla. 177, 120 Pac. 654; *Gulf Pipe Line Co. v. Vanderberg,* 28 Okla. 637, 115 Pac. 782, 32 L. R. A. (N. S.) [661] Ann. Cas. 1912D, 407."

The substitution of Shaver for Sargent as plaintiff in the action by the county court was authorized by section 4695, Rev. Laws 1910, although the courts seem to have permitted the action to be prosecuted in the joint names of Sargent and Shaver. The Supreme Court of Oklahoma Territory, in construing this section of the statute, passed upon the identical question in *Anderson v. Ferguson & Zaring,* 12 Okla. 307, 71 Pac. 225, and said:

"A cause of action for unlawful detainer by one entitled to the possession would undoubtedly continue in his

vendee, therefore comes clearly within the provisions of the statute just quoted. The action might have been continued in the name of Ferguson, or Zaring could have been substituted as successor in interest.

"The conveyance by Ferguson, while the action was pending, would not defeat his right to recover, if he was entitled to possession in the commencement of the action. Enc. Plead. & Prac. vol. 9, p. 52. While in all probability the court should have either permitted Zaring to have been substituted as plaintiff or the action to have proceeded in the name of Ferguson, that the action was allowed to continue in the name of both could in no way be prejudicial to the rights of the plaintiff in error."

It is only necessary to say that the record clearly shows that the notice to quit as prescribed by section 5507, Rev. Laws 1910, was served upon the defendants by Sargent prior to commencing the action, and that the action was properly commenced by him. Section 4695, Rev. Laws 1910, authorizing the substitution of parties, justified the county court in substituting Shaver as plaintiff.

It follows that the rights accruing to Sargent by reason of serving notice were available to Shaver when substituted as plaintiff.

3. It is not made to appear that the testimony, which it is claimed was admitted over the objection of the plaintiffs in error, was erroneously admitted, inasmuch as this testimony related to the title of Shaver to the property involved, and was therefore relevant as tending to support his claim to the immediate possession thereof.

4. The errors assigned to the instructions given by the court to the jury, and the refusal to give requested instructions on behalf of the plaintiffs in error, are not well taken, inasmuch as the instructions given by the

court embraced a fair and full statement of the law aris-
ing upon the single issue made by the pleadings, and the
evidence, namely, Who was entitled to the possession of
the premises in dispute? The requested instructions, in
so far as they were not covered by those given by the
court, were not a full and fair statement of the law
arising upon this issue.

The cause seems to have been fairly submitted to the
jury, and the verdict is abundantly supported by the
evidence.

We therefore recommend that the judgment ap-
pealed from be affirmed.

By the Court: It is so ordered.