## DURELL v. FREESE et al.

No. 20059. Opinion Filed Sept. 15, 1931.

Ellis A. Robinson and Quincy J. Jones, for plaintiff in error.

Silverman & Rosenstein, for defendants in error.

LESTER, C. J. The parties will be referred to as they appeared in the court below. This cause presents a review from the judgment of the district court of Tulsa county, wherein a permanent injunction was issued against the defendant from interfering with certain equipment theretofore placed

on the land of the defendant for oil drilling purposes under a lease made by a former owner of the land.

The defendant in his brief says:

"It is admitted in the case that this equipment and these rods were placed on the land by oral agreement of some kind with the former owner of the land."

It is shown by the record that the defendant continued to receive royalty payments from the oil lease from the time of its execution and until the suit was filed in the court below.

The defendant sought to remove certain shackle rods from his land which had been placed on the land by the operators of the oil and gas lease. The court enjoined the defendant from removing said equipment during the duration of the oil and gas lease, subject, however, to the drilling of an additional well on the land by the plaintiffs below.

The principal contention of the defendant is that the original authority of the plaintiffs to place the shackle rods across portions of the land rested in an oral agreement and constituted a license that could be revoked at any time.

The plaintiffs contend that it being an oral executed agreement coupled with an interest, the license so given was irrevocable during the term of said lease.

An examination of the authorities shows that on the questions herein presented a majority of the cases are dependent upon the particular facts in each case, and while there may be some apparent conflict in the cases, yet courts of equity in considering the particular circumstances in each case have endeavored to apply rules of equity to the end that justice may be done to the parties.

In the case of Haas v. Brannon, 99 Okla. 94, 225 P. 931, it is said:

"It is an ancient and well-settled doctrine of the common law that a mere license, whether by deed or parol, is revocable at pleasure, unless coupled with an interest or grant."

In the case of Rerick v. Kern (Pa.) 16 Am. Dec. 497, it is said:

"A right under a license, when not specifically restricted, is commensurate with the thing of which the license is an accessory. Permission to use water for a mill, or anything else that was viewed by the parties as a permanent erection, will be of unlimited duration and survive the erection itself, if it should be destroyed or fall into a state of dilapidation, in which case the parties might, perhaps, be thought to be remitted to their former rights. But having had in view an unlimited enjoyment of the privilege, the grantee has purchased, by the expenditure of money, a right, indefinite in point of duration which cannot be forfeited by nonuser unless for a period sufficient to raise the presumption of a release. The right to rebuild, in case of destruction or dilapidation, and to continue the business on its original footing, may have been in view as necessary to his safety, and may have been an inducement to the particular investment in the first instance. The cost of rebuilding a furnace, for instance, would be trivial when weighed with the loss that would be caused by breaking up the business and turning the capital into other channels; and therefore a license to use water for a furnace would endure forever. But it is otherwise where the object to be accomplished is temporary. Such usually is the object to be accomplished by a saw mill, the permanency of which is dependent on a variety of circumstances, such as an abundance of timber, on the failure of which the business necessarily is at an end. But till then it constitutes a right for the violation of which redress may be had by action. With this qualification it may safely be affirmed that expending money or labor, in consequence of a license to divert a water course or use a water power in a particular way, has the effect of turning such license into an agreement that will be executed in equity. * * *"

In the case of Metcalf v. Hart (Wyo.) 31 A. S. R. 123, it is said:

"A license coupled with an interest is not revocable by the conveyance of the realty to which it relates."

And:

"A license may become an agreement for a valuable consideration, as where the enjoyment of it must necessarily be preceded by the expenditure of money; and when the licensee has made improvements or invested capital in consequence of a license, he has become a purchaser for a valuable consideration."

A license coupled with an interest is defined in 37 R. C. L. 581, sec. 92:

"Whenever a power is coupled with an interest it cannot be recalled at the pleasure of the donor. So a license when an interest is coupled therewith may lose the quality of revocability. It is said that a license coupled with an interest exists where the party obtaining a license to do a thing also acquires a right to do it. In such case the authority conferred is not merely a permission; it amounts to a grant, or an easement, and where it is so construed it takes, as such, the qualities of a right in the land itself. But another rule is to the effect that while a license coupled with an interest is

irrevocable, this doctrine, although unquestionably correct in a qualified sense, can only be considered as applicable to the temporary occupation of land, and confers no right nor interest in the land itself. A distinction has been drawn between a mere license revocable at will and a license coupled with an interest, which is irrevocable so long as the interest continues. * * *"

In this case it is shown that the defendant bought the land with the knowledge of the equipment being used by the operator of the oil and gas lease and that license had been theretofore granted by the former owner and that an expenditure of money and labor had been made by the operator of said oil and gas lease.

At the time of the institution of this action by the plaintiffs the oil and gas lease was still in force and effect. License to place the shackle rods was granted by the original owner of the land, and it was coupled with an interest, and the defendant had full knowledge prior to his purchase of the land of all the facts and circumstances surrounding the operation of the lease and the improvements placed thereon by said lessee.

Judgment is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note. See under (1) 17 R. C. L. 581; R. C. L. Perm. Supp. p. 4316.