CITY OF NORMAN et al. v. SAFEWAY STORES, Inc.

No. 31144. Feb. 8, 1944.

145 P. 2d 765.

J. D. Holland, City Atty., of Norman, for plaintiffs in error.

Richardson, Shartel, Cochran & Pruet, of Oklahoma City, for defendant in error.

RILEY, J. In this action defendant in error, as plaintiff below, sought and obtained an injunction against the city of Norman and certain of its officers enjoining defendants from molesting or hindering plaintiff in the construction and maintenance of a driveway across a sidewalk from Main street in said city to two lots owned by plaintiff abutting the north side of said street.

In 1941 plaintiff became the owner of four lots on the north side of Main street and east of Santa Fe street. On the east two lots plaintiff constructed a building in which it conducts a retail grocery business. On the west two lots plaintiff constructed and maintains a parking place for automobiles and other vehicles. Plaintiff sought permission to construct a driveway leading to the parking space, and permission was refused, and the city authorities threatened to arrest the contractor and employees of plaintiff when they undertook to construct the driveway. In order to construct such driveway it was necessary to remove or lower the curb on the north side of the street and construct a ramp or slope in the sidewalk. The sidewalk at that place is 15 feet wide and extends from the curb to the plaintiff's property line. The sidewalk is approximately six and one-half to nine inches above the level of the paved surface of the street. The proposed ramp would slope from the curb about six feet, leaving a level sidewalk about nine feet wide.

Upon the refusal of the city authorities to grant a permit for the construction of the driveway and the threat to arrest and imprison the plaintiff's contractor and employees, plaintiff commenced this action for injunction. In its petition it alleges that in the construction of the driveway as proposed the ramp or sloped portion of the sidewalk would be on such a slight grade as not to interfere with the use of the sidewalk by pedestrians. Defendants' demurrers were overruled and the defendants in their answer alleged in substance that said driveway, if constructed, would be a constant source of danger and a traffic hazard to both pedestrians and vehicle operators and would create a liability on the part of the city for defects in the street, and would make the city liable in lawsuits for accidents occurring therein; that defendant city is precluded from permitting the construction of such driveway because of an ordinance of the city which provides that the sidewalk at that place should be 15 feet wide; that said ordinance was passed pursuant to that part of section 5996, O. S. 1931 (Title 11, sec. 7, O. S. 1941), which provides:

" . . . but in no event shall the authorities of any city or town have power to permit any part of the parking or sidewalk to be maintained or incumbered above or below the grade line of such street by any building, terrace, retaining wall, walks, steps or driveways; and any citizen of such city or town shall have the right to maintain a suit for injunction to prevent or remove such incumbrance."

Upon these issues the case was tried

to the court, resulting in a decree for plaintiff, and defendants appeal.

It is first contended that the petition is insufficient because it does not allege that defendants were proceeding or threatening to proceed under an invalid ordinance or without any authority whatever. In this connection defendants cite Whitson v. City of Cherokee, 173 Okla. 208, 46 P. 2d 907, and cases therein cited, which lay down the rule that equity will restrain by injunction a criminal proceeding under a city ordinance only where plaintiff proves the invalidity of the ordinance. But plaintiff's action is based upon the proposition that the owner of property abutting a street has the right of access to and from the street subject only to legitimate public regulations, and that such right is a property right which may not be taken away or destroyed. Plaintiff's theory and contention is that though the ordinance providing the sidewalk at the place here involved shall be 15 feet wide be valid, the construction of the driveway as proposed and shown by its plans would not in any way interfere with the full use of the sidewalk by pedestrians. It is so alleged in the petition. If this allegation be taken as true, as it must for the purpose of the demurrer, then there is no occasion for assailing the validity of the ordinance. The pleadings present the question of fact whether or not the proposed driveway would be such a traffic hazard as to warrant the defendants in preventing its construction. This being the principal issue raised by the pleadings, there was no error in overruling the demurrers to the petition.

Defendants next contend that the judgment is contrary to law, contrary to the evidence, and is not supported by the evidence. Evidence was produced by the parties concerning their respective contentions as to whether the construction of the driveway as proposed would interfere with the use of the sidewalk at that place by pedestrians, and as to whether the driveway would create a traffic hazard dangerous to pedestrians and operators of automobiles and other vehicles. The evidence was to some extent in conflict. It was for the trial court to decide this question of fact under the pleadings and evidence.

The right of an abutting property owner of access to the highway is well established. In Goodfellow Tire Co. v. Commissioner of Parks and Boulevards of City of Detroit, 163 Mich. 249, 128 N. W. 410, it is held:

" . . . that, as abutting owners have an absolute right of access to and from their property to a street, the commissioners of parks and boulevards . . . was bound to permit the owner of property abutting on such boulevard to construct a driveway from his property thereto, under reasonable regulations described by the commissioner as to the number of driveways, location, construction, etc."

In Brownlow et al., Commissioners of the District of Columbia, v. O'Donoghue Brothers, 22 A. L. R. 939, 276 Fed. 636, it is held:

"The right of one maintaining a filling station for automobiles to maintain an entrance across the sidewalk to his property for the use of automobiles is property which cannot be destroyed by the public authorities without compensation."

In Village of Sandpoint v. Doyle, 14 Idaho, 749, 95 P. 945, it is held:

"The owner of a lot abutting on a street or highway has the right of ingress and egress, and for the protection of such right has his cause of action, and for a municipality to prohibit and forbid him exercising his right to go to and from his property over and by way of such street, and to employ the means necessary to reach the street, would be to take his property without due process of law."

In Re Singer-Kaufman Realty Co., 196 N.Y.S. 480, under a state of facts quite similar to the facts in this case, the court held:

"The borough president assumes a responsibility not cast upon him by law. The owner has a natural right to have free access to and from his property,

that cannot be conferred or refused by the city, and this right follows and inheres in the property as leased. The ordinances make the borough president the superintendent of construction, in order that the time, manner, and character of the work may be properly supervised and regulated."

Defendants cite and rely upon City of Stillwater et al. v. Lovell et al., 159 Okla. 214, 15 P. 2d 12, Palace Garage et al. v. Oklahoma City, 131 Okla. 122, 268 P. 240, and similar cases, to sustain their contention that the judgment is contrary to law. But these cases deal with obstructions of sidewalks and appropriation of a portion thereof to the exclusive use of the lot owner and to the exclusion of the general public. In this case there is no contention that the public in general would be excluded from the use of any part of the sidewalk involved. The cases cited are therefore not in point.

Whether the construction of the driveway as proposed would seriously interfere with the use of the sidewalk by the public in general was a question for the court to decide under the pleadings and evidence. The court by its general findings in favor of plaintiff decided the question adversely to defendants' contention. From the record as a whole we cannot say that the findings and decree of the trial court are clearly against the weight of the evidence.

The decision of the trial court as to the right of plaintiff to construct its driveway is in accord with the general rule set forth in the cases above cited. No case is cited, and we have found none, holding that an abutting lot owner may be entirely deprived of his right of ingress and egress to the street under reasonable regulations. We conclude that the decree is neither contrary to the law nor clearly against the weight of the evidence.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.