TOWERY et al. v. GARBER et ux.

No. 31838. Oct. 23, 1945.

*162 P. 2d 878.*

Rainey, Flynn, Green & Anderson, of Oklahoma City, and Holtzendorff & Holtzendorff, of Claremore, for plaintiff in error.

H. Tom Kight and H. Tom Kight, Jr., both of Claremore, for defendants in error.

HURST, V.C.J. This is a suit by S. L. Garber and wife to enjoin W. A. Preston from taking water from a line belonging to plaintiffs and to enjoin Mrs. Virginia Towery from permitting him to do so. From a judgment in favor of the plaintiffs, the defendants have appealed.

All the parties involved in this suit reside in Bayless Addition to the City of Claremore, but outside the corporate limits. Joe Boyd owned a water line connecting with the city water system. By an oral agreement he sold the Garbers the right to connect a ¾ inch water pipe onto his line and pipe water some two blocks away to the Garber home. Mrs. Towery resided between the Boyd home and the Garber home, and she, by an oral contract, purchased from the Garbers the right to connect with the Garber line and take water therefrom. Thereafter she sold to Preston, by a written contract, the right to connect with her line and take water there-

from. The connection was made, and thereafter this suit was filed. Garber alleged and testified that it was agreed that she should have only one hydrant and should take only enough water for her use. She testified that the agreement was silent on this question. There is testimony from which the court could find that the water line leading to the Garber house was not large enough to serve Preston and afford the Garbers an ample flow of water, and that they would suffer irreparable injury if the injunction were not granted.

1. The defendants first contend that since Mrs. Towery had the right to take all the water that would flow through her pipe, she could sell such water to Preston. They cite cases having to do with easements to take water granted by deeds or written contracts. They cite no case dealing with a mere license such as is involved in this case (Haas v. Brannon, 99 Okla. 94, 225 P. 931; 17 R. C. L. 566, § 80; 33 Am. Jur. 399; 37 C. J. 280) or condoning the violation by the licensee of the contract under which the license is held. See Midland Valley R. Co. v. Kellogg, 106 Okla. 237, 233 P. 716; 37 C. J. 286, § 184; 17 R. C. L. 573, § 86. The finding of the court that she was given the right to take water for her own use through only one hydrant is not clearly against the weight of the evidence, and will not be disturbed. City of Norman v. Safeway Stores, 193 Okla. 534, 145 P. 2d 765.

2. The defendants argue that Preston is an innocent purchaser of the right to take water from said line, and that he acted in good faith and without knowledge of any restriction on the right of Mrs. Towery to sell him the license and that he is not bound by such undisclosed arrangement. But, he knew that Mrs. Towery secured her right from Garber and that it was not shown of record, and it was incumbent on him to ascertain just what the arrangement was between the Garbers and Mrs. Towery. The defendants cite cases dealing with easements and rights in land and not mere licenses, as here. The

cases are not in point. Licenses are mere personal privileges and are ordinarily not assignable. 17 R. C. L. 564, 575; 33 Am. Jur. 398, 403; 37 C. J. 287.

3. Finally, the defendants argue that since Preston has already connected with Mrs. Towery's water line and is taking water therefrom, injunction should not issue to prohibit what has been done. The plaintiff prayed for an injunction preventing the defendants from taking water from the Towery line, other than enough for Mrs. Towery's use, and a mandatory injunction requiring the defendants to sever the connection between Preston's line and the Towery line. The court granted the injunction as prayed. The injunction is preventive in so far as it enjoins the defendants from taking any water from said line, except for the use of Mrs. Towery, and from making any other connection with said line. It is mandatory in so far as it requires that the Preston line be disconnected from the Towery line. There is no reason why a mandatory injunction should not have been issued to compel the defendants to disconnect the Preston line, and thereby make it impossible for the defendants to violate the preventive phase of the decree in the future. 22 C. J. 198; 28 Am. Jur. 210.

Affirmed.

GIBSON, C. J., and RILEY, OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur.