## McKENNA v. WILLIAMS.

No. 32140. March 26, 1946.

167 P. 2d 368.

Hatcher & Bond, of Chickasha, for plaintiff in error.

Bailey & Hammerly, of Chickasha, for defendant in error.

PER CURIAM. This is an action commenced by John P. McKenna, hereinafter called plaintiff, against the defendant, M. R. Williams, to obtain an injunction and to quiet title to certain real property. The trial court, after a trial at which both parties introduced evidence, entered judgment for the defendant, except as to one particular hereinafter noted of which defendant makes no complaint, and plaintiff appeals.

In plaintiff's petition he alleged a right to occupy and use a driveway immediately south of his premises by reason of a deed to him. The court sustained a demurrer to this petition. In an amended petition plaintiff again asserted title to the driveway by grant of an easement and then alleged a prescriptive right to a strip of land ap-proximately two feet wide to the north of the driveway and running the entire length of his lot. He deraigned his title from the patent through mesne conveyance to his immediate grantors, C. T. Erwin and Mary Erwin his wife, and thence to himself. The defendant acquired his title from Adrian Melton by deed executed on the 24th day of April, 1943.

The record discloses that on October 13, 1917, L. D. Major was the owner of the premises now owned by both the plaintiff and defendant. On that date L. D. Major joined by his wife executed a deed to Pearle Sheegog. In this conveyance there is the following provision:

"Grantors own the property immediately south of and adjoining the property herein described, and upon which grantors maintain and use a cement driveway and grantee is hereby given and granted the right to the joint use of such driveway so long as the same is maintained and used for such purpose."

This, or a similar provision, is inserted in the deeds of conveyance by Pearle Sheegog and by Erwin to the plaintiff. At the time of the conveyance to the plaintiff the property owned by him was a vacant lot. There was a house on the property now owned by the defendant. Soon after the purchase of the property plaintiff built a house and placed the southeast corner and south wall of his garage on the strip of land two feet north of the common driveway. To the rear of plaintiff's property is an alley leading south and joining an alley running east and west to a street to the west of plaintiff's property. Prior to the commencement of the action defendant notified plaintiff by letter that he was discontinuing the use of the cement driveway and thereafter began to dig post holes in the strip of land to the north of the driveway for the purpose of fencing in the driveway and plaintiff commenced this action to enjoin defendant's action and to quiet title. In the judgment by the court title was quieted to the property

beginning at the southeast corner of the garage and running west to the alley. The court refused to quiet title to the strip of land beginning at the southeast corner of the garage and running east to the front of plaintiff's premises.

In his first proposition plaintiff states that the judgment of the court is against the clear weight of the evidence; that the court erred in not decreeing the plaintiff, John P. McKenna, owns an easement in the cement driveway in question and that the same continues so long as he uses said driveway for driveway purposes, and that the court should have granted a permanent injunction against the defendant enjoining him from interfering with plaintiff's use of said driveway. Plaintiff argues that this is an easement permanent in nature and cites in support thereof De Haro v. United States, 5 Wall. (72 U. S.) 599, 18 L. Ed. 681; Wheeler v. West, 71 Cal. 126, 11 P. 871; Parish v. Kaspare, 109 Ind. 586, 10 N. E. 109, wherein it is held, in effect, that an easement should be carefully distinguished from a license given to one person to do something on the land of another. A license is a mere permissive or personal and revocable privilege without the licensee possessing any estate in the land. In De Haro v. United States, supra, the agreement as to the occupancy of certain real property was held to be a license and not an easement. Therein it is stated that if the only thing conferred or intended to be conferred is a provisional or temporary license, there is no easement. Therein the court made a clear distinction between the effect of a license to enter lands, uncoupled with an interest, and a grant. The fact that there is a consideration for the giving of the license or that it is oral or in writing is not determinative. De Haro v. United States, supra. Plaintiff argues that the grant in the case at bar was not revocable. It was not revocable so long as the driveway was used as such by the defendant. The election by the defendant to cease using it as a driveway was a final disposition of the right or privilege of the plaintiff. De Haro v. United States, supra. The language of the grant in the case at bar is clear and unambiguous. It provides that the plaintiff shall have the right to the use of the driveway so long as it is used as a driveway. The election to stop the use of the driveway as such was conclusive on the plaintiff and terminated the right of plaintiff. We are of the opinion, and hold, that the court clearly construed the grant as a license which was terminated when the defendant elected to stop the use of the property involved as a driveway.

In this connection plaintiff insists that all the circumstances surrounding the transaction should be taken into consideration and for this purpose he sought to have certain oral evidence introduced and some such evidence was introduced to show that the owners of the property prior to the date defendant acquired title assented to the use of the driveway and construed his use as a permanent right. Defendant answers this argument with a statement that a way of necessity has not been established. There is no attempt to establish a way of necessity. The construction of prior owners as to the right of plaintiff is not necessary to determine the right conveyed by the deed from Major to Sheegog for the reason that the instrument is clear and unambiguous and the rights of the parties involved are to be determined from the instrument itself. Haas v. Brannon, 99 Okla. 94, 225 P. 931; Rogers v. Kinney, 122 Okla. 73, 250 P. 890; Jennings v. Amerada Petroleum Corporation, 179 Okla. 561, 66 P. 2d 1069; Whitaker v. Hughes, 14 Okla. 510, 78 P. 383; Higgins v. Oklahoma City, 191 Okla. 16, 127 P. 2d 845.

It is next and finally argued that the court erred in not decreeing that the plaintiff was the owner of and acquired title by prescription to all of the strip of land between the north edge of the cement driveway and the north fifteen (15) feet of lot seven (7) in block eigh-

ty-eight (88), City of Chickasha, described in the plaintiff's deed, and erred in not granting a permanent injunction restraining Dr. M. R. Williams from interfering with plaintiff's title and possession. Defendant asserts that this is an afterthought on the part of plaintiff, and that since the use of the driveway was the first concern of plaintiff, it is without substantial merit to argue that plaintiff is the owner of approximately two feet north of the driveway by prescription. The trial court found that there was a prescriptive right beginning at the eastern edge of the garage and running west and that this prescriptive right had been acquired by open, adverse, and continuous use of the strip of land west from the eastern edge of the garage. The only claim of plaintiff was to the driveway east of the garage. The trial court found that as to the strip of land there was no open, adverse, and exclusive use. The only use of the land east of the garage was permissive and a permissive use cannot ripen into an easement by prescription. Rose v. Roberts, 195 Okla. 687, 161 P. 2d 951.

The finding of the trial court that the use of the strip of land east of the garage did not pass by prescription is sustained by the evidence.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.