**W. A. SUTER, Plaintiff in Error,**

v.

**CITY OF OKMULGEE, a Municipal Corporation, Defendant in Error.**

No. 39424.

Supreme Court of Oklahoma.

July 17, 1962.

Charles B. Steele, O. E. Richeson, Okmulgee, for plaintiff in error.

D. F. Rainey, City Attorney, Okmulgee, for defendant in error.

IRWIN, Justice.

The city of Okmulgee, Oklahoma, hereinafter called City, filed an action against W. A. Suter, hereinafter referred to as defendant, seeking to enjoin defendant from operating an open air fruit and vegetable market within the City. The action was predicated on the allegations that defendant was maintaining a nuisance in such operation and that he had not secured a permit for a change of use of the land before changing his land from residential purposes to business purposes.

Defendant denied that the operation of the market constituted a nuisance and further denied that he had changed the use of his land. He filed a cross petition wherein he sought an injunction against the City enjoining it from interfering with his business.

Upon trial to the court, judgment was in favor of the City granting an injunction and defendant was denied any relief under his cross petition. Defendant appeals from the order overruling his motion for a new trial.

### FACTS

Defendant's lots are in a local business district and prior to the opening of the open air fruit and vegetable market the lots were used exclusively for residential purposes.

The lots run north and south, facing on 10th street and are on a corner, the same being at the south east corner of 10th and Wood Drive with Wood Drive being the west line of the lots. U. S. Highways 75 and 169, are routed over Wood Drive. It is a divided highway with northbound traffic using the east portion and southbound traffic using the west portion. The highway curves to the southwest beginning at about 10th street and the corner lot is on the curve.

In November, 1953, the City Council passed a resolution authorizing the Mayor to enter into a contract with the Department of Highways of the State of Oklahoma, which provides inter alia:

"(b) The City will not allow ingress or egress to or from the project at 12th street or between 12th street and 10th street."

The defendant purchased the property in February, 1959, at which time the highway had been completed and was in use. Shortly thereafter defendant submitted to the Planning and Zoning Commission his application for the erection of a permanent business or store building. A recommendation was made that the application be approved, subject to defendant building a barricade to prevent traffic from flowing from the highway to the store. The

City Council approved the recommendation as made. Defendant did not secure a building permit but filed a second or amended application which asked the curb on the highway be cut and an entrance to the property be made. This application was denied and shortly thereafter defendant commenced selling fruits, vegetables, etc., from containers or trucks parked on the premises. The defendant admits he did not secure a permit to effect a change of use of the land.

The City produced the testimony of the Chief of Police and three officers who testified the property, prior to the time of purchase by defendant, had been used exclusively for residential purposes; that persons traveling on the highway have been pulling off the highway, up over the curb, making purchases and pulling back onto the highway; that defendant maintained signs facing the highway advertising his merchandise; that at times such merchandise was displayed and offered for sale on the sidewalk and parking; that the permitted speed for cars using the highway is 40 miles per hour and permitting traffic to enter the premises is unsafe, dangerous and creates a very definite and serious traffic hazard; that defendant had been arrested for maintaining a nuisance and for failure to secure a permit for change of use of the land; that citations had been issued for obstructing the sidewalk; that the premises had been under constant surveillance because of the traffic hazard.

Pictures were received in evidence showing the signs, the merchandise and tire tracks from the highway to the property, and fruits and vegetables being displayed from trucks parked on the premises or in baskets or crates.

Defendant testified he owns the property and operates only a fruit and vegetable business thereon; that after the first application was approved he built up the low part of the lots by hauling in 200 loads of sand; that he put up a barricade by placing some heavy lumber on top of crates; that he moved it 3 times and the highway department compelled him to take it down;

that the City Manager, in the spring of 1959, directed him to discontinue selling and after opening up again in the fall he was directed to desist. He admitted being arrested and tried in municipal court and admitted displaying his merchandise on the sidewalk and parking on 10th street; that he submitted an amended application for a building permit with an entrance to his property from the highway and it was disapproved; that he has not erected any building on the property nor moved any building on the premises since his purchase; that he kept signs up facing the highway; that cars pulled over the curb to his property and back onto the highway; that he never made application to change the use of the land.

## CONCLUSIONS

■ The property involved is in a local business district and the Municipal Code of the City of Okmulgee provides:

"Section 540. In a local business district the buildings and property shall be used for the following purposes:

\*　　\*　　\*　　\*　　\*　　\*

"(3) A use permitted in a residence district.

\*　　\*　　\*　　\*　　\*　　\*

"(5) Commercial billboard or advertising sign.

"(6) Store for retail trade. \* \* \*"

Article V. Section 557, provides:

"This Ordinance shall be enforced by the Building Inspector of the City of Okmulgee, Oklahoma. The owner of land in any district shall not do or permit to be done any of the following until the Building Inspector has issued a permit authorizing the same.

"(1) Change the use of land.

"(2) Change or alter any building or display sign (as defined in the National Building Code, Abbreviated Edition).

"(3) Move any building or display sign for relocation in the same or another district.

"No building permit shall be issued until the Building Inspector is satisfied

that the plans and intended use of land, buildings, and structures are in conformity with the provisions of this Ordinance."

Defendant contends that he is conducting a legal business in a local business district and since he has not changed the use of the land, it is unnecessary for him to obtain a permit authorizing him to change the use of the land. Defendant urges that the code relates exclusively and only to buildings and/or structures of a permanent nature and are not applicable in the instant case because he made no use of either buildings or permanent structures, but made use of only temporary structures. Defendant's theory seems to be that since he is still living in the house located on the property and has not erected a building or made any changes in his residence, he is entitled to operate his open air retail store and such operation does not constitute a change in the use of the land.

■ As disclosed by the evidence, before defendant started operating his open air fruit stand, the property was devoted exclusively to residential purposes although it was located in a local business district. After defendant began the operation of the open air fruit stand, the property was then being used for residential and business purposes. We can only conclude that changing from a residential purpose to a residential and business purpose constitutes a change of use of the land and it was necessary for defendant to obtain a permit to make such change.

■ Defendant next contends that the business as operated does not constitute a nuisance.

Title 50 O.S.1961 § 1, provides:

"A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:

"First. Annoys, injures or endangers the comfort, repose, health, or safety of others;

or,

* * * * * *

"Third. Unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake or navigable river, stream, canal or basin, or any public park, square, street or highway; * * *."

The evidence discloses that the limited access highway abutting defendant's property is on a curve and the permitted driving speed is 40 miles per hour. Four officers, all experienced in traffic control, testified that traffic moving off the highway onto defendant's property, or from defendant's property to the limited access highway created a dangerous condition and was a very serious and dangerous traffic hazard.

Although defendant may not have caused the traffic to leave the highway and enter on his property, he had signs facing the highway that advertised his business. He invited the traveling public to patronize his business and for all practical purposes, in order to patronize defendant's business, it was necessary to leave the highway and enter onto defendant's property.

Considering the testimony of the officers with respect to the traffic hazards and other evidence surrounding the operation of defendant's business, and the fact that traffic did leave the highway to enter on defendant's land and then return to the highway, we can only conclude that the operation of the business does constitute a nuisance under the above statutory provision.

■ Defendant urges that the trial court erred in failing to compel the plaintiff to make its pleadings more definite and certain and that he was charged with violating "some or all" of the ordinances of the City of Okmulgee and was compelled to defend a "blanket" charge.

In City of Oklahoma City v. Stewart, 76 Okl. 211, 184 P. 779, we held:

"A motion to make more definite and certain is addressed largely to the discretion of the court, and the ruling thereon will not be reversed, except for the abuse of such discretion, that re-

sults prejudicially to the complaining party."

See also Lewis v. Red, 194 Okl. 432, 152 P.2d 690.

Although the petition may have set forth certain sections of the City code which were unnecessary, from an examination of the record, we can not say the court abused its discretion in failing to require plaintiff to make its petition more definite and certain.

Defendant urges that the action should have been held in abeyance because two criminal prosecutions and a civil action between the same parties and involving the same issues were pending.

■ In 1 C.J.S. Abatement and Revival § 30, page 57, it is stated that unless authorized by statute, pendency of a criminal prosecution is not ground for abating a civil action for the same act or omission. Oklahoma has no statutory authority for abating the instant action because of the pendency of the criminal actions.

■ With reference to the alleged civil proceeding pending we find that the plea in abatement was contained in the Motion to Make Definite and Certain, Motion to Strike and Plea in Abatement, but this motion was overruled. The Plea in Abatement was not set forth or plead in defendant's answer.

This action was tried prior to the enactment of House Bill No. 525, Session Laws of Oklahoma 1961, page 62 (the same being Title 12 O.S.1961 § 322) which specifically provides how a defense in abatement may be raised. The rule in effect when the action was tried is stated in Oklahoma Press Pub. Co. v. Gulager, 168 Okl. 245, 32 P.2d 723, wherein we held: "Petition showing pendency of former action on its face is demurrable, but grounds of abatement not so appearing must be alleged by answer."

Since the petition in the instant action did not show a pendency of a former action and Title 12 O.S.1961 § 322 was not effective when the case was tried, it was necessary for defendant to allege such pendency in his answer. Defendant did not so allege and the trial court did not err in refusing to hold the cause in abeyance.

■ At the conclusion of plaintiff's evidence defendant demurred thereto stating that plaintiff sought to establish and abate a nuisance without having complied with the city code and Title 50 O.S.1961 § 17, in that the City did not adopt a resolution directing the bringing of the action; that the evidence was insufficient to sustain a judgment; and that his property is not subject to an easement and to take his right of access without just compensation is unconstitutional.

The trial court overruled the first ground above set forth and as a basis therefore stated that the laws of Oklahoma authorize the bringing of this type of action by a municipality. The trial court took the other two grounds under advisement until it heard defendant's evidence.

Defendant cites no authority wherein the failure of a governing board of a city or town to adopt a resolution directing the bringing of an action to abate a nuisance precludes the bringing of such action under the circumstances in the case at bar and this contention will not be considered on appeal.

Defendant contends that by failing to pass upon his demurrer to the evidence at the close of plaintiff's evidence his rights were prejudiced. We cannot conclude that defendant's rights were prejudiced as the trial court's judgment against the defendant was tantamount to and was in reality an overruling of defendant's demurrer to the evidence.

■ Defendant contends the trial court erred in denying him relief under his cross petition in that neither the City nor the State had an easement to take his right of access; that to deny his right of access would be taking his property without just compensation and without due process of law.

Defendant cites City of Norman v. Safeway Stores, Inc., 193 Okl. 534, 145 P.2d 765, wherein we held:

"The owner of a lot abutting a city street has the right of access to his property from the street and the city is bound to permit such owner to construct and maintain a driveway from his property to the street, under reasonable regulations, where it appears that the construction and maintenance of such driveway will not materially interfere with the full and free use of the street and sidewalk by the public."

The issue relating to compensation is not an issue in the case at bar as the only issue is whether the City can prevent ingress and egress to and from defendant's property from and to the limited access highway. Although the above case might be applicable if defendant's access would not materially interfere with the full and free use of the limited access highway by the City and State, it is not controlling in the case at bar. In the instant action, ingress and egress to and from defendant's property from and to the limited access highway (which was a limited access highway in use prior to the time defendant purchased the property) creates a serious and dangerous traffic hazard and such would materially interfere with the City's and State's full and free use of the limited access highway. We therefore hold the trial court did not err in denying relief to defendant under his cross petition.

Judgment affirmed.