**EARTH PRODUCTS COMPANY, a corporation, and Sand Products, Inc., a corporation, Plaintiffs in Error,**

v.

**OKLAHOMA CITY, a Municipal corporation, Defendant in Error.**

**No. 41568.**

Supreme Court of Oklahoma.

March 26, 1968.

Rehearing Denied June 4, 1968.

Bryan Mitchell, Richard D. Hampton and Jack Highley, Oklahoma City, for plaintiffs in error.

Roy H. Semtner, Tom B. McGee, Oklahoma City, for defendant in error.

HODGES, Justice.

Plaintiff, City of Oklahoma City, brought this action against Curtis R. Hurst, an individual, Earth Products Company, Incorporated, and Sand Products, Incorporated, to cancel a certain contract between itself and Earth Products Company, an unincorporated company owned by Curtis R. Hurst. In addition to other relief sought, plaintiff sought a temporary injunction against the defendants and their employees or agents.

At the hearing on the application for temporary injunction, the trial court stated the stipulations of the parties agreed upon at a previous hearing not reported in the record. They are that the parties agreed upon the identity of the contract involved. They agreed that the contract had been properly executed; that the property referred to in the contract is plaintiff's; that various assignments had been made of Hurst's interests and rights in and to the contract without formal notice to or consent of plaintiff; and that Sand Products, Inc., which was then removing sand from the premises under its assignment is the ultimate and current assignee of the contract. Plaintiff refused to introduce any evidence. It apparently relied upon the stipulations. After defendants had produced evidence in support of their positions, the trial court reaffirmed its conclusions of law previously made upon the stipulations, and rendered

judgment for plaintiff granting the temporary injunction.

By the written contract here involved plaintiff had granted the unincorporated Earth Products Company the exclusive privilege of removing sand in any quantities desired from the city property described for a year with the right of renewal by the company for each of five successive years thereafter. A fixed sum per cubic yard was agreed upon. Upon removal, the sand becomes the sole and exclusive property of the company. There are provisions for the company's obligations as to slopes, distances from certain banks and depth in certain locations in the excavation and removal of sand. Rights and obligations of the company as to removal of trees are specified.

The trial court held that the contract created a mere license, granted only a privilege to remove sand, was not assignable without the consent of plaintiff, and was revocable at the will of plaintiff, the licensor.

Of the nine assigned errors upon which the corporate defendants seek reversal, we choose to consider only the alleged errors of law and the sufficiency of evidence in connection with the duration, revocability, and assignability of the contract. We will consider the question of duration of the "license" and its revocability at the will of the "licensor". We will then consider the assignability of the contract.

It is apparent that much consideration has been given by the trial court and the parties to determination of the precise, technical classification of the relationship created by the contract here involved. It has been called a license, a profit, a prendre and a lease. Distinctions have been drawn between a lease and a license, a lease and an easement, and an easement and a license. The relationship could have been considered in relation to 60 O.S.1961, §§ 49 through 59, which relates to land burdens and servitudes upon land. In our view, however, a determination of the technical classification of the relationship is not decisive, so, without deciding that it is a license, we will for the purpose of this opinion consider the contract to have created a license.

In Durell v. Freese, 151 Okl. 150, 3 P.2d 175, a thorough discussion of the variable nature of a license appears. It can be permanent or temporary. It can be revocable or irrevocable whether permanent or temporary. We recognized there that revocability of a license is dependent upon the facts in each case; that there is apparent conflict in the cases in this country as to the applicable tests therefor; and that the courts of equity have tried to apply rules of equity to accomplish justice for the parties. We acknowledged the rule relied upon by plaintiff, to-wit:

> "It is an ancient and well-settled doctrine of the common law that a *mere* license, whether by deed or parol is revocable at pleasure, unless coupled with an interest or grant." (Emphasis supplied.)

In Durell v. Freese, supra, by quoting with approval from the cases of Rerick v. Kern, 14 Serg. & R. (Pa.) 267, 16 Am. Dec. 497, and Metcalf v. Hart, 3 Wyo. 513, 27 P. 900, 31 P. 407, 31 Am.St.Rep. 122, 123, we reiterated in Oklahoma the doctrine that a license can rise to the dignity of an agreement and clothe the licensee with the rights and privileges of a purchaser for a valuable consideration. This doctrine is well stated in 53 C.J.S. Licenses § 84, as follows:

> "A *bare* license is not a contract. However, a license may become an agreement for a valuable consideration, as where the enjoyment of it must necessarily be preceded by the expenditure of money; and *where a license constitutes, in effect, a contract, the rights and obligations of the parties under such license agreement depend on the provisions thereof.*" (Emphasis supplied.)

It necessarily follows that where, as in this case, we begin with a contract "in fact" which creates a license, we need not follow any process of judicial logic to ascertain whether a "bare" or "mere" license constitutes "in effect" a contract.

Unquestionably, whatever the rights or privileges or the nature of the relationship of the original parties as to the removal of sand from the city property, they were created by the written contract.

 A valid consideration for a written contract is presumed by the law. 15 O.S. 1961, §§ 114 and 115. Thus, the original party, Hurst's unincorporated company, became a purchaser for value. The contract involved a legitimate subject matter (removal of sand), a valid consideration (presumed by law and inherent in the agreements to pay for the sand and to retain and maintain certain conditions on the land), and parties capable of entering into such contract. The contract was, therefore, a valid and whole one.

In McKenna v. Williams, 196 Okl. 603, 167 P.2d 368, we held that the license there was irrevocable during the period prescribed in the instrument creating it, to-wit:

" * * * so long as the same [a driveway] is maintained and used for such purpose * * *."

In Towery v. Garber, 196 Okl. 78, 162 P. 2d 878, which involved a bare license granted by parol, we defined the rights of a licensee under such parol agreement in the second paragraph of the Syllabus, as follows, to-wit:

"The licensee to take water from the pipe of another may exercise only such *right as is given by the agreement creating the license.*" (Emphasis supplied.)

Applying the established principle that the rights and privileges of a licensee are dependent upon the agreement creating the license, we must resort to the written contract in this case to ascertain them.

Substituting the purpose of the license in this appeal for the purpose considered in Towery v. Garber, supra, the last quoted rule will read as follows:

"The licensee to remove sand from the property of another may exercise only

such right as is given by the agreement creating the license."

Reference to the agreement creating the license, i. e. the written contract, will reveal that Hurst (i. e. the unincorporated Earth Products Company) was specifically given:

" * * * the exclusive privilege of removing sand from the * * * property * * * commencing on the 5 day of Sept. * * *, and to continue for a period of one (1) year thereafter with the right of renewal of this agreement at the Company's option each successive year for a period of five (5) successive years after the expiration of the initial term hereof."

No provision is made for revocation at plaintiff's pleasure or will.

 We are cited to no case, and we are aware of no principle of law which, in the absence of specific provision therefor, authorizes unilateral revocation at will of a written contract, the terms of which specify its period of duration with options for successive renewals, given upon a legally presumed or actual consideration, whatever the right, privilege or relationship created, unless one or more material and extraneous circumstances are shown, such as the following: (1) one of the parties is legally incapable of entering into a binding contract; (2) the subject matter of the contract is against public policy; (3) there is fraud in procurement or inception of the contract; (4) the act or acts contracted for are fraudulent, against public policy or impossible of performance.

No claim of any extraneous circumstance, supported by evidence or stipulation, is made to justify the trial court's holding that the license created by the contract is revocable at the will of plaintiff.

We hold, therefore, that a license, created by valid contract, based upon a legal consideration, which specifies the period of its duration, in the absence of a provision therefor, is not a mere or bare license revocable at will.

Unless the assignment by the original contracting party and/or the subsequent assignments without formal notice to or the consent of plaintiff give justification for revocation of the contract here involved, there is no evidence upon which to sustain the trial court's judgment granting the temporary injunction herein complained of by defendants.

■■■■ The question of assignability of a contract or the rights under a contract which makes no provision regarding assignment, was decided by this Court in Minnetonka Oil Co. v. Cleveland Vitrified Brick Co., 27 Okl. 180, 111 P. 326. There we discussed many of the equities due consideration in determining the assignability of a contract. Consideration is to be given to the nature of the contract, the skill, personal quality or circumstance of the party contracting as to distinctive characteristics, the pecuniary responsibility of such party when it is involved, and the personal trust and confidence reposed in such party by the other. We quoted with approval at length from Poling v. Condon-Lane Boom & Lumber Co., 55 W.Va. 529, 47 S.E. 279, wherein the West Virginia Court cited 2 Am. & Eng.Enc.Law (2d Ed.) 1035, as follows:

"As a general rule, in all cases where a contract is executory in its nature, and an executor or administrator would succeed to the rights and liabilities of the deceased party to the contract, the contract is assignable. * * * A contract in which the delectus personae is not material, and is an agreement for services which may be as well performed by one person as another, is assignable."

We further quoted the West Virginia case as follows:

"Contracts in which the delectus personae is material, as where a person agrees to use his personal skill and knowledge, and has been contracted with by reason of the trust and confidence placed in him, cannot be assigned by such person while the agreement remains executory, without the consent of the other contracting party."

The assignment by Hurst and the succeeding assignments complained of by plaintiff have not changed Hurst's pecuniary or other contractual responsibilities to plaintiff if the assignments were made without the consent of plaintiff. In the event of default in performance by the assignee or assignees, primary responsibility remains upon Hurst as defined in the contract. See Minnetonka Oil Co., supra.

■■■ As to plaintiff's contention that plaintiff placed trust and confidence in Hurst and his skill and ability to perform the responsibilities set out in the contract, no evidence of such trust and confidence is shown in the record unless it can be implied from the contract itself. Hurst's contractual obligations to retain and maintain slopes, banks and excavations within stated limits and requirements are so menial in character that they can as easily be performed by one person as another, and there appears to be no special skill or ability involved.

The asserted confidence and trust reposed in Hurst did not include reliance upon him in determining the quantity of sand removed, and he was bound by the contract to liability based upon plaintiff's determination thereof. The contract provides that the city will measure the excavations and thereby ascertain the quantity of sand removed. Payment to the city for the sand is based upon those measurements. A degree of confidence and trust is implicit in every contract, but the matters herein involved do not involve that degree of trust and confidence which is singularly personal to Hurst, as might be the selection of an artist or author whose skills and talents are unique.

■■■ There is no provision in the contract making it nonassignable. In Minnetonka Oil Co., supra, we said:

"The presumption is that, if a contract is to be nonassignable, the parties thereto

will so expressly provide. Otherwise, the same is to be considered as assignable."

There is no evidence in this case, and no language in the contract upon which to predicate an implication that the relationship created by the contract was of such a personal, fiduciary or confidential nature that assignment of the benefits by Hurst would constitute a basis for revocation.

Although the rule stated is not absolute or conclusive, 6 Am.Jur.2d, Assignments, § 10, contains the following general guide for interpretation, to-wit:

"The use in a contract of such terms as 'heirs', 'successors', 'executors', and 'assigns', indicates that it was the intention of the parties that the contract should be assignable."

The contract in question contains the following provision:

"The covenants and agreements of this contract shall extend to and be binding upon the heirs, executors, successors and assigns of the parties hereto."

The statement quoted above from Am. Jur.2d is in this case applicable.

We hold, therefore, that the rights given in the contract are not revocable at plaintiff's pleasure or will; that successive assignments of Hurst's interests in the contract without consent of plaintiff do not constitute grounds for revocation by plaintiff; and that there is no evidence in this case to justify the trial court's judgment granting the temporary injunction complained of by defendants.

This cause is reversed and remanded to the trial court with directions to dissolve the temporary injunction entered herein, and to proceed to trial of the remaining issues in a manner not inconsistent with the views herein expressed.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BERRY, LAVENDER, and McINERNEY, JJ., concur.