Elizabeth H. TUCKER, Appellee,

v.

FSB MORTGAGE OF LITTLE ROCK, Appellant,

and

KW Bancshares, Inc., An Arkansas Corporation and Robert T. Gammill, Defendants.

Case No. 81953.

Court of Appeals of Oklahoma, Division No. 3.

July 19, 1994.

Certiorari Denied Nov. 23, 1994.

As Corrected Dec. 20, 1994.

Clay P. Booth, Joe S. Rolston III, Oklahoma City, for appellant.

George W. Braly, Ada, for appellee.

## OPINION

HUNTER, Judge:

In July, 1992, Appellee paid Appellant Federal Savings Bank Mortgage of Little Rock (FSB) $16,459.30 in full payment of the real estate mortgage held by FSB. She enclosed a note with the payment stating she anticipated receiving a properly executed release. Because FSB had not filed a release of mortgage by September 14, 1992, Appellee again wrote Appellant requesting it file the release. In this letter, Appellee included a legal description of her property and informed FSB of the book and page number where the mortgage was recorded. Appellee filed a lawsuit on March 11, 1993, alleging that Appellee and Defendants failed to file a release of mortgage, and praying to recover the amount allowed by the statutory penalty found at 46 O.S. 1991 § 15. She specifically alleged the amount due pursuant to the statutory penalty was $16,400.00. Appellant FSB filed the release on March 19, 1993.

Appellee filed a motion for summary judgment. Appellant and Defendants answered and filed a counter-motion for summary judgment. Appellee dismissed Defendants KW Bancshares, Inc. and Robert T. Gammill, without prejudice to refiling. The court granted Appellee's motion for summary judgment against FSB in the amount of $17,-300.00 and denied FSB's motion for summary judgment. FSB appeals. We find summary judgment was properly granted because there were no substantial controversies as to any material facts and Appellee was entitled to judgment as a matter of law.

In its response to Appellee's motion for summary judgment, FSB argued that its failure to release the mortgage was not willful and that it acted in good faith. FSB further responded that Appellee did not comply with the statute; that she waived her right to rely on § 15; that she was estopped from enforcing § 15; that her claim was barred by laches and even if she properly recovered the penalty, the amount should be mitigated.

Appellant relies on the language in *American National Bank v. Jorden*, 123 Okl. 151, 254 P. 706 (1926) (syllabus by the Court); wherein it is stated: The "gist of an action to recover the statutory penalty for refusal to release a mortgage is the willful wrong of the mortgagee without justification in law in his refusal to release a real estate mortgage." Appellant also cites *Grissom v. Dye*, 269 P.2d 367, 370–71 (1953). This rule, however, is not as broad as Appellant argues. In *First National Bank of Ada v. Elam*, 126 Okl. 93, 258 P. 892, 900 (1927), it is made clear that the "good faith" defense applies to a mortgagee's refusal to accept a tendered payment in full. The rule does not apply in the instant case where Appellant accepted the payment but failed to file the release of mortgage within the statutory time.

The statute in question, 46 O.S. 1991 § 15(A), states:

Any mortgage on real estate shall be released by the holder of any such mortgage within fifty (50) days of the payment of the debt secured by the mortgage and the holder of the mortgage shall file the release of the mortgage with the county clerk where the mortgage is recorded. If, at the end of the fifty-day period, the holder has failed to release the mortgage, the mortgagor may at any time request in writing the holder of the mortgage to release the mortgage and the holder of the mortgage shall have ten (10) days from the date of the request to release such mortgage. If the holder of the mortgage fails to release the mortgage by the end of such ten-day period, he shall then forfeit and pay to the mortgagor a penalty of one percent (1%) of the principal debt not to exceed One Hundred Dollars ($100.00) per day each day the release is not recorded after the ten-day period has expired and the penalty shall be recovered in a civil action in any court having jurisdiction thereof, but the request for the release shall be in writing and describe the mortgage and premises with reasonable certainty. Provided that, the total penalty shall not exceed one hundred percent (100%) of the total principal debt.

The trial court properly granted summary judgment in favor of Appellee because Appellant's evidence in response to the motion for summary judgment did not support Appellant's position. It is no defense in law or at

equity that Appellant was ignorant of Oklahoma law or that Appellee failed to inform it of the law to apply. The facts reveal that Appellant received sufficient demands for a filing of the release of mortgage and failed to do so within the statutory time. The facts having been presented to the trial court by documentary evidence only, the appellate court is "free to substitute its analysis of the record for the trial court's analysis." *Loffland Brothers Co. v. Overstreet,* 758 P.2d 813, 817 (Okl.1988). Because we sit as a court of first instance in such situations, we may render the judgment the trial court should have made. *Loffland Brothers* at 817. We have canvassed the parties' motions for summary judgment, their responses and the evidence attached to those motions and find no substantial controversy as to any material fact. Appellee is entitled to judgment as a matter of law. 12 O.S. 1991 Ch. 2, App. 1, Rule 13. The judgment of the trial court is affirmed.

AFFIRMED.

GARRETT, V.C.J., and ADAMS, J., concur.