52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert CLARK and Billie Clark, husband and wife; Robert
Anson Clark, a minor child, by and through his next friend,
Billie Clark, Brandi Jones, and Britini Jones, minor
children by and through their mother and next friend Angela
Marie Jones, Brandon Neal Clark, a minor child, by and
through his mother and next friend, Mary Lou Duvall,
Plaintiffs-Appellants,
v.
Thomas William BRIEN, representative of Underwriters at
Lloyd'S london and Shere Drake Insurance Company,
and State Defendants-Appellees.
 No. 93-6427.
 United States Court of Appeals, Tenth Circuit.
 April 21, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before EBEL and KELLY, Circuit Judges, and BROWN, District Judge.[2]
 
 
 2
 Plaintiffs-Appellants appeal the district court's order granting summary judgment to Defendants-Appellees on the Clarks' claim that State Farm Fire and Casualty Company ("State Farm") slandered the title to their homestead. We have jurisdiction under 28 U.S.C. 1291 and affirm.
 
 Background
 
 3
 Robert and Billie Clark executed a note and mortgage in favor of First American Bank and Trust ("First American") for $23,861.23. The mortgage covered the Clark's homestead near Purcell, Oklahoma and another property located at 408 Fox Street in Wayne, Oklahoma ("408 Fox Street"). Subsequently, Robert Clark entered into a real estate contract to sell 408 Fox Street to Robert Miller.
 
 
 4
 Mr. Miller and his wife, Penny, purchased a homeowner's policy on 408 Fox Street from State Farm. They named themselves as the insureds and First American and Russell Miller as the mortgagees. Soon thereafter, 408 Fox Street was destroyed by fire. The Millers submitted a claim to State Farm. After investigation, State Farm denied the claim due to arson and fraud. Pursuant to policy language allowing it to pay a mortgagee, State Farm paid $25,666.99 to First American in exchange for an assignment of the Clark-First American note and mortgage, which, as above noted, included the Clark's homestead as well as the 408 Fox Street property. State Farm also denied Russell Miller's claim.
 
 
 5
 Robert and Penny Miller filed suit against State Farm to recover under their policy the full amount of their loss. State Farm denied liability and in turn sued Robert Clark, claiming that he had conspired with the Millers to burn 408 Fox Street. Although a jury concluded that State Farm was unable to prove arson against either Robert Clark or the Millers, it nevertheless found that the Millers could not recover any additional sums under the policy. In September 1992, the Clarks sued State Farm for slander of title. Until suit was filed, State Farm had not offered to release the mortgage on the Clarks' homestead. Shortly after suit was filed, State Farm agreed to release the mortgage but only if the Clarks' attorney drew up the release. State Farm finally executed a release of the mortgage, prepared by the Clarks' attorney, on February 2, 1993.
 
 Discussion
 
 6
 We review the district court's denial of summary judgment de novo, applying the same legal standard used by the district court under Fed. R. Civ. p. 56(c). James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994) (quoting Fed.R.Civ.P. 56(c)), cert. denied, 115 S.Ct. 934 (1995).
 
 
 7
 In order to prevail on a cause of action for slander of title in Oklahoma, Plaintiffs needed to establish five essential elements: (1) a publication; (2) a false statement; (3) malice in the publication; (4) special damage by reason of the publication; and (5) ownership or possession of the property which is the object of the publication. James Energy Co. v. HCG Energy Corp., 847 P.2d 333, 340 (Okla.1992) (citing Ward v. Mid-West & Gulf Co., 223 P. 170, 171 (1923)). Plaintiffs contend that State Farm had no right to purchase the Clarks' note and mortgage from First American. They assert that the contract for sale of 408 Fox Street effectively segregated the 408 Fox Street property from the note and mortgage, and that the Clark-Miller contract alone, not the note and mortgage covering the Clarks' homestead, was all that State Farm could be assigned. Accordingly, the entire assignment was false and thus constitutes the basis for a slander of title claim. We disagree.
 
 
 8
 Under Oklahoma law, a contract, unless otherwise provided, is assignable. Earth Prods. Co. v. Oklahoma City, 441 P.2d 399, 404 (Okla.1968). Hence, First American's assignment of the note and mortgage to State Farm was legally permissible. Plaintiffs do not argue that State Farm held a valid mortgage that was extinguished by payment forming the basis for slander of title. Cf. Tarrant Bank v. Miller, 833 S.W.2d 666, 667-68 (Tx. Ct.App.1992). Nor do Plaintiffs contend that State Farm violated Okla. Stat. tit. 46, 15(A) (West Supp.1995) by failing to release the mortgage upon payment of the debt. See, e.g., Tucker v. FSB Mortgage of Little Rock, 886 P.2d 498, 499 (Okla. Ct.App.1994). Instead, Plaintiffs' argument is predicated solely on the alleged invalidity of First American's assignment of the Clarks' homestead to State Farm--a theory we reject.
 
 
 9
 Moreover, summary judgment was proper on Plaintiffs' slander of title claim because they provided no evidence of special damages. Plaintiffs allege that the Clarks were unable to "finish their home or borrow money they desperately needed and have been threatened with foreclosure." Aplt. Br. at 15. Plaintiffs fail, however, to adduce any evidence in their opposition to State Farm's motion for summary judgment to support this supposition. See Thomas v. Int'l Business Machs., --- F.3d ----, 1995 WL 70248, at * 4 (10th Cir. Feb. 21, 1995).
 
 
 10
 As Rule 56(e) expressly states, "an adverse party [to a motion for summary judgment] may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Consistent with this rule, the Supreme Court has held that a district court shall grant summary judgment if the non-moving party cannot adduce probative evidence on an element of its claim upon which it bears the burden of proof. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323-27 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986). The district court did not err in granting State Farm's motion for summary judgment.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation